ARTHUR FALK, Appellant, *v.* JACOB L. HOFFMAN et al.,
Respondents.

**Equity — action to impress trust upon proceeds of sale of
stock, an option upon which was obtained by fraud — when
plaintiff not restricted to remedy at law.**

Where plaintiff, relying upon representations of defendants, who
with him were the sole stockholders of a corporation, that they were
acting for his benefit and were not gaining any profit or advantage for
themselves, gave them an option on his stock and afterwards trans-
ferred the same, receiving pay at par, but later learned that the state-
ments were false and that defendants had sold the shares at a price
above par, he may maintain an action in equity demanding that the
proceeds of the sale in the hands of the defendants be charged with a
trust, that his contract be rescinded and that defendants account,
and is not restricted to his remedy at law, which is not so complete
and effective as that in equity. (*Schank* v. *Schuchman*, 212 N. Y.
352, distinguished.)

(*Falk* v. *Hoffman*, 189 App. Div. 832, reversed.)

(Argued February 27, 1922; decided April 18, 1922.)

APPEAL from a judgment, entered March 3, 1920, upon
an order of the Appellate Division of the Supreme Court
in the first judicial department which affirmed an order
of Special Term sustaining defendants' demurrer to the
amended complaint and granting their motion for
judgment on the pleadings.

*William Bondy* for appellant. The complaint alleges
facts sufficient to constitute a cause of action for which
the plaintiff has not any adequate remedy at law.
(*McManus* v. *Durant*, 168 App. Div. 643; *Strong* v.
*Repide*, 213 U. S. 419; *Selwyn & Co.* v. *Waller*, 212 N. Y.
507; *Von Au* v. *Magenheimer*, 126 App. Div. 257; 196
N. Y. 510; *American Sugar Refining Co.* v. *Fancher*, 145
N. Y. 552; *Hammond* v. *Pennock*, 61 N. Y. 145; *Schafuss*
v. *Betts*, 94 Misc. Rep. 463; 175 App. Div. 893; *Jaffe* v.
*Weld*, 220 N. Y. 443; *Lightfoot* v. *Davis*, 198 N. Y. 261;
*Newton* v. *Porter*, 69 N. Y. 133.)

*Clarence J. Shearn* and *Gerald B. Rosenheim* for respondents. Equity will not entertain an action to declare the rescission of an executed transaction unless a decree announcing the rescission is essential to the suitor's protection. (*Schank* v. *Schuchman,* 212 N. Y. 352; *Dennin* v. *Powers,* 96 Misc. Rep. 252; *Calhoun* v. *Millard,* 121 N. Y. 69; *Globe Mut. L. Ins. Co.* v. *Reals,* 79 N. Y. 202; *Town of Venice* v. *Woodruff,* 62 N. Y. 462.) The amended complaint states no facts showing that a decree announcing a rescission is essential to the plaintiff's protection. On the contrary, it clearly appears that the plaintiff has an adequate and complete remedy at law. (*Bosley* v. *Nat. Machine Co.,* 123 N. Y. 550; *Lawrence* v. *Fox,* 20 N. Y. 268; *De Cicco* v. *Schweitzer,* 221 N. Y. 431; 2 Black on Rescission & Cancellation, § 647; *Globe Mut. L. Ins. Co.* v. *Reals,* 79 N. Y. 202; *Town of Venice* v. *Woodruff,* 62 N. Y. 462; *Buckingham* v. *Cornng,* 91 N. Y. 525; *Merry Realty Co.* v. *S. & H. R. E. Co.,* 230 N. Y. 316.)

CARDOZO, J. The case is here upon demurrer.

The plaintiff, Arthur Falk, his brother Albert, and one Jacob L. Hoffman were the sole stockholders in the Falk Tobacco Company. Each stockholder had certain preemptive rights in the holdings of the others. The time came when the plaintiff was ready to sell his shares. The defendants, Albert Falk and Hoffman, undertook to find a purchaser. At first, the project was to sell to the Tobacco Products Corporation of America. Later the defendants reported that this project had been abandoned, and that the corporation would not buy. They told the plaintiff that they intended to keep their own shares, and did not wish to sell to any one. They said, however, that they were in touch with some one other than the Tobacco Products Corporation who might take the plaintiff's shares. To this end they would need an agreement giving them an option to buy his shares at par, and an agreement also that for a term of years he

would not compete with them in business. They assured him that in making the sale they were acting solely for his benefit, that they were not gaining any profit or advantage for themselves, and that the price they were reporting was the full price they would receive. Relying on these assurances, he signed the required papers, and afterwards transferred the shares, receiving pay at par ($327,000). A few months later he learned that the statements which had induced the sale were false. The defendants had sold all the shares of the Falk Tobacco Company, their own as well as his; they had made the sale to the Tobacco Products Corporation of America; and the price was more than par. Upon discovery of the fraud, the plaintiff demanded of the defendants the return of his certificates. Compliance with this demand was impossible, for the resale had then been made. The price paid on the resale remained, however, in the defendants' hands as a substitute for the things resold. It was made up partly of securities and partly of cash. The purpose of this action is to charge it with a trust. The plaintiff, suing in equity, prays a rescission of his contract, and an accounting by the defendants for the proceeds and ensuing profits. Judgment has gone against him on the ground that the remedy at law is adequate.

We think that equity will intervene to declare the wrongdoers trustees (*Hammond* v. *Pennock*, 61 N. Y. 145, 146; *Newton* v. *Porter*, 69 N. Y. 133; *Lightfoot* v. *Davis*, 198 N. Y. 261). Some remedy at law there is. It is not so complete or effective as the remedy in equity (*Kilbourn* v. *Sunderland*, 130 U. S. 505). Suing at law, the plaintiff would be restricted to the value of his shares, if he rescinded (*Rothschild* v. *Mack*, 115 N. Y. 1, 8), or to the difference between the value and par (the amount paid to him by the defendants), if he affirmed (*Reno* v. *Bull*, 226 N. Y. 546). Suing in equity, he may reach the proceeds of the resale, securities and cash, though the price upon resale is found to be greater than the value

[233 N. Y. 202]            Statement of case.            [April,

(*Hammond* v. *Pennock, supra*). That would be true though the resale were unrelated to the fraud. Even more plainly it is true where, as here, the resale itself is the very reason for the fraud. Equity will not be over-nice in balancing the efficacy of one remedy against the efficacy of another when action will baffle, and inaction may confirm, the purpose of the wrongdoer.

We find nothing hostile to this conclusion in *Schank* v. *Schuchman* (212 N. Y. 352), much relied upon in the court below. In that case there was neither " trust to be impressed," nor " accounting to be decreed " (212 N. Y. at p. 356). Here, the trust with its incidents is the foundation of the remedy.

The judgment should be reversed, with costs in all courts, and the demurrer overruled, with leave to the defendants upon payment of costs within twenty days to withdraw the demurrer, and answer the complaint.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.