ELLIS G. POTTER, on Behalf of Himself and Others, Appellant and Respondent, and HERMAN WANGROW, Respondent, v. ELISHA WALKER et al., Respondents and Appellants, and PAUL H. HARWOOD, Respondent, Impleaded with Others.

Argued May 25, 1937; decided November 23, 1937.

*A. Lincoln Lavine, Howard W. Ameli* and *Abraham L. Pomerantz* for plaintiff Ellis G. Potter, appellant and respondent, and plaintiff Herman Wangrow, intervener, respondent. A derivative stockholder's action against directors, whether for negligence or otherwise, is cognizable solely in equity, and is necessarily governed by the equitable, or ten-year, Statute of Limitations. (*Bachus- Brooks Co.* v. *Northern Pac. Ry. Co.*, 21 Fed. Rep. [2d] 4; 275 U. S. 562; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 32; 99 N. Y. 185; 103 N. Y. 567; *Small* v. *Sullivan*, 218 App. Div. 612; 245 N. Y. 343; *Mason* v. *Henry*, 152 N. Y. 529; *Hanover Fire Ins. Co.* v. *Morse D. D. & R. Co.*,

270 N. Y. 86; *Hardin* v. *Boyd*, 113 U. S. 756; *Peters* v. *Delaplaine*, 49 N. Y. 362; *Hubbell* v. *Sibley*, 50 N. Y. 468; *Ganley* v. *Troy City Nat. Bank*, 98 N. Y. 487; *United States* v. *Whited & Wheless*, 246 U. S. 552; *Williams* v. *Flagg Storage Warehouse Co.*, 128 Misc. Rep. 566; 221 App. Div. 788; *United States* v. *Memphis Cotton Oil Co.*, 288 U. S. 62; *Bookbinder* v. *Chase Nat. Bank*, 244 App. Div. 650.) Even were the corporation the plaintiff in this action it would not have an adequate concurrent remedy at law, and would be barred only by the ten-year statute. (*Brinckerhoff* v. *Bostwick*, 105 N. Y. 567; *German-American Coffee Co.* v. *Diehl*, 86 Misc. Rep. 57; 167 App. Div. 913; 216 N. Y. 726; *Bosworth* v. *Allen*, 168 N. Y. 157.) The ten-year statute applies to actions against directors for an accounting. (*Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Mason* v. *Henry*, 152 N. Y. 529; *Goldberg* v. *Berry*, 231 App. Div. 165; *City Investing Co.* v. *Gerken*, 121 Misc. Rep. 763; *Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113; *Hanna* v. *People's Nat. Bank*, 35 Misc. Rep. 517; *Murray* v. *Smith*, 166 App. Div. 528; *Continental Securities Co.* v. *Belmont*, 83 Misc. Rep. 340; 168 App. Div. 483; 222 N. Y. 673; *Venner* v. *N. Y. C. & H. R. R. R. Co.*, 177 App. Div. 296; 226 N. Y. 583; *Gallin* v. *National City Bank*, 152 Misc. Rep. 679.) As to the profiting directors, even the six-year Statute of Limitations would not bar recovery, because, in an action founded on fraud, the statute does not begin to run until the fraud was or should have been discovered. (*Curtis* v. *Connly*, 264 Fed. Rep. 650; 257 U. S. 260; *Cooper* v. *Hill*, 94 Fed. Rep. 582; *Anderson* v. *Gailey*, 33 Fed. Rep. [2d] 589; *Rankin* v. *Cooper*, 149 Fed. Rep. 1010; *Adams* v. *Clarke*, 22 Fed. Rep. [2d] 957; *Bates* v. *Preble*, 151 U. S. 149; *Erickson* v. *Quinn*, 47 N. Y. 410.) Plaintiff has no adequate concurrent remedy at law, and, therefore, the ten-year Statute of Limitations applies. (*Falk* v. *Hoffman*, 233 N. Y. 199; *Hanover Fire Ins. Co.* v. *Morse D. D. & R. Co.*, 270 N. Y. 86; *Kane* v. *Bloodgood*, 7

Johns. Ch. 90; *Appleby* v. *Brown*, 24 N. Y. 143; *Rundle* v. *Allison*, 34 N. Y. 180; *Butler* v. *Johnson*, 111 N. Y. 204; *Minion* v. *Warner*, 238 N. Y. 413; *Jackson* v. *Smith*, 254 U. S. 586; *Sloane* v. *United Feature Syndicate, Inc.*, 135 Misc. Rep. 365.)

*Frederick H. Wood, Alfred McCormack, George M. Billings* and *George G. Tyler* for defendants Elisha Walker et al., respondents and appellants. The Statute of Limitations which controls a stockholders' derivative action is the one which would have applied if the corporation had brought the action directly in its own name. (*Alexander* v. *Donohoe*, 143 N. Y. 203; *Niles* v. *N. Y. C. & H. R. R. R. Co.*, 176 N. Y. 119; *Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113; *Grant* v. *Greene Consolidated Copper Co.*, 169 App. Div. 206; 223 N. Y. 655; *Boyd* v. *Mutual Fire Assn. of Eau Claire*, 116 Wis. 155; *Borst* v. *Corey*, 15 N. Y. 505; *Pierson* v. *McCurdy*, 33 Hun, 520; 100 N. Y. 608; *Peters* v. *Delaplaine*, 49 N. Y. 362; *Butler* v. *Johnson*, 111 N. Y. 204; *Wallace* v. *Lincoln Sav. Bank*, 89 Tenn. 630; *Curtis* v. *Connly*, 257 U. S. 260; *Winston* v. *Gordon*, 80 S. E. Rep. 756; *Mason* v. *Henry*, 152 N. Y. 529; *Pietsch* v. *Milbrath*, 101 N. W. Rep. 388; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Becker* v. *Billings*, 304 Ill. 190; *Kelly* v. *Dolan*, 233 Fed. Rep. 635; *Matter of Franklin Brewing Co.*, 263 Fed. Rep. 512; *Link* v. *McLeod*, 194 Penn. St. 566.) An action against directors to recover upon the ground of negligence is within the express wording of the six-year Statute of Limitations. The Appellate Division was consequently right in affirming dismissal of the fourth cause of action against all of the moving defendants. (*Peters* v. *Delaplaine*, 49 N. Y. 362; *Hun* v. *Cary*, 82 N. Y. 65; *O'Brien* v. *Fitzgerald*, 143 N. Y. 377; *Dykman* v. *Keeney*, 154 N. Y. 483; *Empire Sav. Bank* v. *Beard*, 151 N. Y. 638; *Higgins* v. *Tefft*, 4 App. Div. 62.) The first and seventh causes of action in so far as they seek to recover profits alleged to have been derived by the defendant directors at the expense

of the corporation, are within the express language of the six-year Statute of Limitations, and the Appellate Division should have affirmed the judgments and orders at Special Term dismissing such causes of action against said defendants. (*Miller* v. *Schloss*, 218 N. Y. 400; *Lamine* v. *Dorrell*, 2 Ld. Raym. 1216; *Kane* v. *Bloodgood*, 7 Johns. Ch. 90; *Neilson* v. *Blight*, 1 Johns. Cas. 205; *Byxbie* v. *Wood*, 24 N. Y. 607; *Middleton* v. *Twombly*, 125 N. Y. 520; *Miller* v. *Wood*, 116 N. Y. 351; *Terry* v. *Munger*, 121 N. Y. 161; *Roberts* v. *Ely*, 113 N. Y. 128; *Carr* v. *Thompson*, 87 N. Y. 160; *Mills* v. *Mills*, 115 N. Y. 80; *Keys* v. *Leopold*, 241 N. Y. 189; *Dumbadze* v. *Lignante*, 244 N. Y. 1; *Minion* v. *Warner*, 238 N. Y. 413.) The right asserted and the obligation sought to be enforced in the first and seventh causes of action for the recovery of profits are of legal and not of equitable origin. (*McClure* v. *Law*, 161 N. Y. 78; *Abbott* v. *Blossom*, 66 Barb. 353; *Price* v. *Mulford*, 107 N. Y. 303; *Caussidiere* v. *Beers*, 2 Keyes, 198; *Sayer* v. *Wynkoop*, 248 N. Y. 54; *Mason* v. *Prendergast*, 120 N. Y. 536; *Felder* v. *Reeth*, 34 Fed. Rep. [2d] 744; *Dykman* v. *Keeney*, 154 N. Y. 483; *Holmes* v. *Willard*, 125 N. Y. 75; *O'Brien* v. *Fitzgerald*, 143 N. Y. 377; *Hun* v. *Cary*, 82 N. Y. 65; *Wallace* v. *Lincoln Sav. Bank*, 89 Tenn. 630; *Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113.) Where the right asserted and the obligation sought to be enforced are of legal origin, the limitation on actions at law applies even though there may be concurrent jurisdiction at law and in equity. (*Hovenden* v. *Lord Annesley*, 2 Sch. & Lef. 607; *Kane* v. *Bloodgood*, 7 Johns. Ch. 90; *Metropolitan Bank* v. *St. Louis Dispatch Co.*, 149 U. S. 436; *Baker* v. *Cummings*, 169 U. S. 189; *Curtis* v. *Connly*, 257 U. S. 260; *Woodmansee* v. *Schmitz*, 232 N. W. Rep. 774; *McNair* v. *Burt*, 68 Fed. Rep. [2d] 814; *Hughes* v. *Reed*, 46 Fed. Rep. [2d] 435; *Rundle* v. *Allison*, 34 N. Y. 180.) Actions to account, based upon legal rights and obligations, and actions to enforce constructive trusts are of legal origin and hence

subject to the six-year statute. (*Neilson* v. *Blight*, 1 Johns. Cas. 205; *Kane* v. *Bloodgood*, 7 Johns. Ch. 90; *Murray* v. *Coster*, 20 Johns. 576; *Humbert* v. *Trinity Church*, 24 Weñd. 587; *Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113; *Beatty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380; *Hughes* v. *Brown*, 13 S. W. Rep. 286; *Mason* v. *Henry*, 152 N. Y. 529.)  The causes of action alleged are legal, and the legal remedy thereon is adequate. (*McClure* v. *Law*, 161 N. Y. 78; *Pierson* v. *McCurdy*, 33 Hun, 520; 100 N. Y. 608; *Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113; *Fur & Wool Trading Co.* v. *Fox, Inc.*, 245 N. Y. 215; *Comstock* v. *Hier*, 73 N. Y. 269; *Hawley* v. *Cramer*, 4 Cow. 717; *Manahan* v. *Gibbons*, 19 Johns. 427; *Osborn* v. *Bell*, 5 Den. 370; *Cary* v. *Curtis*, 44 U. S. 236; *Myers* v. *Hurley Motor Co.*, 273 U. S. 18.)

*George L. Trumbull* and *Randolph H. Guthrie* for defendant Edward R. Tinker, respondent and appellant. The Statute of Limitations applicable to the action is the same statute which would be applicable if the corporation were the plaintiff. (*Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113; *Alexander* v. *Donohoe*, 143 N. Y. 203; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Mason* v. *Henry*, 152 N. Y. 529; *Curtis* v. *Connly*, 257 U. S. 260.)  The Statute of Limitations applicable to the seventh cause of action against the defendant Tinker is the six-year statute contained in subdivision 1 of section 48 of the Civil Practice Act. (*Kane* v. *Bloodgood*, 7 Johns. Ch. 90; *Borst* v. *Corey*, 15 N. Y. 505; *Keys* v. *Leopold*, 241 N. Y. 189; *Hanover Fire Ins. Co.* v. *Morse Dry Dock & Repair Co.*, 270 N. Y. 86; *Diefenthaler* v. *Mayor*, 111 N. Y. 331; *Butler* v. *Johnson*, 111 N. Y. 204; *Plet* v. *Willson*, 134 N. Y. 139; *Terry* v. *Munger*, 121 N. Y. 161; *McClure* v. *Law*, 161 N. Y. 78; *Comstock* v. *Hier*, 73 N. Y. 269; *Minion* v. *Warner*, 238 N. Y. 413; *Mills* v. *Mills*, 115 N. Y. 80; *Model Building & Loan Assn.* v. *Reeves*, 236 N. Y. 331; *Middleton* v. *Twombly*, 125 N. Y. 520; *Carr* v. *Thompson*, 87 N. Y. 160.)  The six-year Statute of

Limitations has run upon the seventh cause of action as against the defendant Tinker. (*Harriss* v. *Tams*, 258 N. Y. 229; *Davis* v. *New York, Lake Erie & Western R. R. Co.*, 110 N. Y. 646; *McConnell* v. *Williams S. S. Co.*, 239 App. Div. 393; 265 N. Y. 594; *Dietz* v. *Harris*, 221 App. Div. 581; *Middleton* v. *Twombly*, 125 N. Y. 520; *Mills* v. *Mills*, 115 N. Y. 80; *Carr* v. *Thompson*, 87 N. Y. 160; *Yeoman* v. *Townshend*, 74 Hun, 625; *Smith* v. *Hamilton*, 43 App. Div. 17; *Chorrmann* v. *Bachmann*, 119 App. Div. 146; *East Lake Lumber Co.* v. *Van Gorder*, 105 Misc. Rep. 704; 188 App. Div. 997.) The first cause of action accrued more than six years prior to the commencement of this action. (*McCluskey* v. *Cromwell*, 11 N. Y. 593; *Brinckerhoff* v. *Bostwick*, 34 Hun, 352; *Gilbert* v. *Ackerman*, 159 N. Y. 118; *Wood* v. *Carpenter*, 101 U. S. 135; *Cooper* v. *Hill*, 94 Fed. Rep. 582; *Hughes* v. *Reed*, 46 Fed. Rep. [2d] 435; *Prudential Ins. Co.* v. *Stone*, 270 N. Y. 154; *Curtis* v. *Connly*, 257 U. S. 260; *Payne* v. *Ostrus*, 50 Fed. Rep. [2d] 1039; *McNair* v. *Burt*, 68 Fed. Rep. [2d] 814.) The ten-year statute does not apply *ipso facto* to every action against directors for an accounting. (*Hun* v. *Cary*, 82 N. Y. 65; *O'Brien* v. *Fitzgerald*, 143 N. Y. 377; *O'Brien* v. *Fitzgerald*, 6 App. Div. 509; 150 N. Y. 572; *Dykman* v. *Keeney*, 154 N. Y. 483.)

*David Paine, C. M. Tappen* and *George Koegler* for defendant Paul H. Harwood, respondent. The action against Harwood is based upon negligence and seeks to recover damages to the corporation. Actions against directors to recover damage to the corporation are barred by the six-year Statute of Limitations. (*Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Alexander* v. *Donohoe*, 143 N. Y. 203; *Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113; *Hun* v. *Cary*, 82 N. Y. 65; *O'Brien* v. *Fitzgerald*, 143 N. Y. 377; *O'Brien* v. *Fitzgerald*, 6 App. Div. 509; 150 N. Y. 572; *Dykman* v. *Keeney*, 154 N. Y. 483; *Hanover Fire Ins. Co.* v. *Morse Dry Dock & Repair Co.*, 270 N. Y. 86;

*Keys* v. *Leopold,* 241 N. Y. 189.) The Statute of Limitations so far as Harwood is concerned commenced to run on the dates the alleged negligent acts were committed. (*Pitcher* v. *Sutton,* 238 App. Div. 291; 264 N. Y. 638; *Brinckerhoff* v. *Bostwick,* 34 Hun, 352; 99 N. Y. 185; *Gilbert* v. *Ackerman,* 159 N. Y 118; *Curtis* v. *Connly,* 257 U. S. 260; *Cooper* v. *Hill,* 94 Fed. Rep. 582; *Anderson* v. *Gailey,* 33 Fed. Rep. [2d] 589; *Hughes* v. *Reed,* 46 Fed. Rep. [2d] 435; *McNair* v. *Burt,* 68 Fed. Rep. [2d] 814.) The period of limitations governing the action is the same as though the action had been brought by the corporation. (*Alexander* v. *Donohoe,* 143 N. Y. 203; *Niles* v. *N. Y. C. & H. R. R. R. Co.,* 176 N. Y. 119; *Pollitz* v. *Wabash R. R. Co.,* 207 N. Y. 113.) The corporation would have had an adequate remedy at law against Harwood. (*Dykman* v. *Keeney,* 154 N. Y. 483; *Broderick* v. *Marcus,* 146 Misc. Rep. 240; 239 App. Div. 816.)

O'BRIEN, J. Plaintiff, as stockholder of Pan American Petroleum and Transport Company, brought this representative action in June, 1933, against defendants, who are directors of that corporation, for acts committed by them as such during the years 1924 and 1925. The third amended complaint demands judgment that the court, in the exercise of its equitable jurisdiction, decree that defendants be required to account for the profits which they obtained and the losses which the corporation sustained by the acts of these defendants as directors.

The questions of law certified are whether the six-year statute (Civ. Prac. Act, § 48, subd. 3) or the ten-year Statute of Limitations (Civ. Prac. Act, § 53) applies to the first, fourth and seventh causes of action pleaded in the third amended complaint.

Defendants Walker, Armsby, Hayes and Marston moved to dismiss the first, fourth and seventh causes of action as to them. Special Term granted this motion, but the Appellate Division reversed as to the first and seventh and affirmed as to the fourth. Defendant

Harwood moved to dismiss the first, fourth and seventh as to him. Special Term granted the motion and the Appellate Division affirmed. Defendant Tinker moved to dismiss the first and seventh as to him. Special Term granted his motion, but the Appellate Division affirmed only as to the first and reversed as to the seventh.

The first cause of action set forth in the third amended complaint alleges that defendants Walker, Armsby, Hayes and Marston, who were then directors of Pan American and who were also officers, directors and stockholders in Blair & Co., Inc., entered into a conspiracy during the year 1924, which conspiracy was consummated in August, 1925, to acquire for themselves and for Blair & Co. a majority of the voting stock of Pan American with money supplied by Pan American; that pursuant to this conspiracy Walker proposed to his codirectors in Pan American that Pan American acquire the stock of British Mexican from British Union; that it did purchase that stock for $11,000,000; that this sum, instead of being paid directly to British Union, was deposited with Blair & Co. to the credit of British Union; that, with the consent of British Union, but without disclosure to the other directors of Pan American, it was used by defendants Walker, Armsby, Hayes and Marston for purchase by them of the majority voting stock in Pan American from E. L. Doheny; that from the transaction Blair & Co., Inc., obtained a profit of $2,505,000 and Pan American suffered a loss of $7,802,743.67. The allegations in support of this cause of action are also to the effect that defendant Tinker, as a director of Pan American, authorized and confirmed the purchase of the stock of British Mexican, but that defendant Harwood dissented. The Appellate Division held, in respect to the first cause of action, that defendants Walker, Armsby, Hayes and Marston are not entitled to plead the six-year Statute of Limitations for the reason that this cause of action is one for an accounting to recover not only losses resulting from their wrongful acts as directors

but also profits received by them, and, citing *Falk* v. *Hoffman* (233 N. Y. 199) and *Hanover Fire Ins. Co.* v. *Morse Dry Dock & Repair Co.* (270 N. Y. 86), that an action at law would not be as complete or effective as the remedy in equity. As to defendant Tinker, he is charged, in the first cause of action, merely with negligence, and the court decided that the six-year statute applies to him in respect to the allegations set forth in the first cause of action. In respect to Harwood, he also was charged merely with negligence, and the Appellate Division held that the six-year statute applies also to him.

The fourth cause of action alleges negligence against the defendant directors for their acts in approving and acquiescing in the payment by Pan American to defendant Stewart of the sum of $150,000, which is averred to be a gift. A remedy at law against Stewart for money had and received would lie and no accounting is necessary. The courts below have held that the six-year statute applies in this action for negligence against the directors, none of whom is alleged to have profited by this gift to Stewart.

The seventh cause of action charges defendants Walker, Hayes, Armsby, Marston and Tinker, as members of a " directors' syndicate," with profiting, through a conspiracy at the expense of Pan American, to the extent of $13,200,000 through the purchase of Lago Oil stock by Pan American, and demands an accounting of such profits and losses. The Appellate Division decided that the six-year statute is no defense to this cause of action. The principle is the same as that applied to the first cause of action. This seventh cause of action also charges negligence against the directors and, as in the first cause of action, the courts below have applied the six-year statute as to defendant Harwood. His approval of the resolution occurred in August, 1925, and this action was not commenced until June, 1933.

In respect to those causes of action by which is sought to recover profits received by directors by reason of

wrongful acts, an action at law would not afford adequate relief. To the extent that an accounting is necessary, the right and the remedy must necessarily be of an equitable nature. The Appellate Division is, therefore, clearly right in applying the ten-year Statute of Limitations as to such causes of action. (Civ. Prac. Act, § 53; *Hanover Fire Ins. Co.* v. *Morse Dry Dock & Repair Co.*, 270 N. Y. 86.)

Those causes of action, however, which are based merely upon negligence of two of the directors who are not alleged to have participated in the receipt of any wrongful profits at the expense of the corporation require the application of a different rule. The formal demand for relief in the complaint does not determine the legal or equitable character of the action. These causes of action are essentially and exclusively to recover for an injury to the property of the corporation within the meaning of subdivision 3 of section 48 of the Civil Practice Act as it read prior to its amendment by chapter 558 of the Laws of 1936. If the remedy were invoked directly by the corporation or a receiver, a common-law action for damages would lie. It would be adequate and, consequently, equitable relief would be unnecessary. (*O'Brien* v. *Fitzgerald*, 143 N. Y. 377, 380; *Dykman* v. *Keeney*, 154 N. Y. 483, 491, 492; *Curtis* v. *Connly*, 257 U. S. 260.) Some dicta occur in the earlier reports of this court's decisions indicating doubt in the minds of the authors of the opinions whether the same rule by which a corporation or its receiver is governed in actions against directors for negligence would apply to a stockholder (*O'Brien* v. *Fitzgerald, supra*, pp. 381, 382; *Mason* v. *Henry*, 152 N. Y. 529, 535), but no direct adjudication to that effect.

In *Wallace* v. *Lincoln Sav. Bank* (89 Tenn. 630, 648, 649) the opinion was written by a distinguished jurist, Mr. Justice LURTON. That action, as is the one now before us, was instituted by a shareholder in behalf of all other shareholders against directors of the corporation for their breach of trust due to inattention, negli-

gence and mismanagement in that they failed to supervise the management and turned over the entire control of the bank to the unlimited discretion and unaided judgment of the cashier. In the course of his opinion the learned justice wrote: " This kind of suit is, at last, but the suit of the corporation for its benefit and upon its right of action. *If for any reason the corporation is estopped from suing, or its action is barred, the suit by the stockholder or creditor is likewise affected,*" and quoted the following excerpt from Morawetz on Private Corporations (§ 271): " A suit of this character is brought to enforce the corporate or collective rights, and not the individual rights of the shareholders. It may therefore properly be regarded as a suit brought on behalf of the corporation, and the shareholder can enforce only such claims as the corporation itself could enforce. Moreover, the essential character of a cause of action belonging to a corporation remains the same, whether the suit to enforce it be brought by the corporation or by a shareholder. Thus a legal right of action would not be treated as an equitable one, or become governed by the rules applicable to equitable causes of action, *as to limitations,* etc., because a shareholder has brought suit in equity to enforce it on behalf of the company." The same principle has been accepted in this State in *Holmes* v. *Camp* (180 App. Div. 409, 412). In an action for damage to property the six-year statute applies even in those instances where the alleged remedy may be equitable in form. (*Keys* v. *Leopold,* 241 N. Y. 189, 192.)

Plaintiff was granted leave to appeal from the judgment in favor of defendant Tinker on the first cause of action, in favor of defendant Harwood on the first, fourth and seventh causes of action, and the following questions were certified: " (1) Did the cause of action alleged against defendant Edward R. Tinker in the *first* cause of action of the third amended complaint herein accrue within the time limited by law for the commencement of an action thereon? (2) Was the motion of

defendant Edward R. Tinker for judgment dismissing the *first* cause of action in the third amended complaint on the ground that the cause of action therein alleged against him had not accrued within the period permitted by law for the commencement of an action thereon, properly granted at Special Term? (3) Did the causes of action alleged against the defendant Paul H. Harwood in the *first*, fourth and seventh causes of action of the third amended complaint herein accrue within the time limited by law for the commencement of an action or actions thereon? (4) Was the motion of defendant Paul H. Harwood for judgment dismissing the *first*, fourth and seventh causes of action in the third amended complaint on the ground that the causes of action therein alleged against him had not accrued within the period permitted by law for the commencement of an action or actions thereon, properly granted at Special Term?" The first question should be answered " No," the second and fourth questions " Yes." The third question should be answered " No."

Defendants Walker, Armsby, Hayes and Marston were also granted leave to appeal, and the following questions were certified: " (1) Did the cause of action alleged against the defendants Elisha Walker, George Armsby, Edward F. Hayes and Hunter S. Marston, in the *first* cause of action in the third amended complaint herein accrue within the time limited by law for the commencement of an action thereon? (2) On the record herein, was the motion of the defendants Elisha Walker, George Armsby, Edward F. Hayes and Hunter S. Marston, for judgment dismissing the *first* cause of action in the third amended complaint on the ground that the cause of action therein alleged against them had not accrued within the period permitted by law for the commencement of an action thereon, properly granted at Special Term? (3) Did the cause of action alleged against the defendants Elisha Walker, George Armsby, Edward F. Hayes and

Hunter S. Marston, in the seventh cause of action of the third amended complaint herein accrue within the time limited by law for the commencement of an action thereon? (4) On the record herein, was the motion of the defendants Elisha Walker, George Armsby, Edward F. Hayes and Hunter S. Marston, for judgment dismissing the seventh cause of action in the third amended complaint on the ground that the cause of action therein alleged against them had not accrued within the period permitted by law for the commencement of an action thereon, properly granted at Special Term? " The first question should be answered " Yes," the second " No," the third question " Yes " and the fourth question " No."

Defendant Tinker was also granted leave to appeal and the following questions certified: " (1) Did the cause of action alleged against the defendant, Edward R. Tinker, in the *Seventh* cause of action of the third amended complaint herein accrue within the time limited by law for the commencement of an action thereon? (2) On the record herein, was the motion of the defendant, Edward R. Tinker, for judgment dismissing the Seventh cause of action of the third amended complaint on the ground that the cause of action therein alleged against him had not accrued within the period permitted by law for the commencement of an action thereon, properly granted at Special Term?" The first question should be answered " Yes " and the second question " No."

The judgments and orders of the Appellate Division should be affirmed, with costs, and the questions certified answered as above stated.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.