Henry M. Chance, Charles A. Brawn, Louis C. Bien, Jacob Rolnick and Joseph Trager, Suing on Behalf of Themselves and All Other Stockholders of R. Hoe & Co., Inc., Respondents, v. Guaranty Trust Company of New York

and Others, Defendants, and BOUDINOT ATTERBURY, Appellant.— Appeal from order of November 25, 1938, denying motion, made pursuant to rule 112 of the Rules of Civil Practice, to dismiss as to appellant the first cause of action for insufficiency and the third, fourth and sixth causes of action as barred by the Statute of Limitations, dismissed. Order made December 3, 1938, resettling the order of November 25, 1938, by including therein recitation of an affidavit in opposition, affirmed, with ten dollars costs and disbursements. The first cause of action is sufficient to charge defendant Atterbury with actionable negligence in that it is alleged, in effect, that at the time he voted in favor of two resolutions authorizing default in payment of interest and consenting to a receivership he was dominated in so doing by a conspirator or conspirators, that he should have known of the existence of the conspiracy against the corporation of which he was a director, and should have known that these resolutions, even though proper in themselves, were to be utilized by the conspirators in effecting the objects of the conspiracy. In brief, he should have known that the resolutions were inspired by conspirators and would be utilized by them to injure the corporation. The motion addressed to the remaining causes of action may not be determined pursuant to rule 112 of the Rules of Civil Practice. Whether or not the Statute of Limitations constitutes a bar is dependent upon a determination of the facts, and the question cannot be decided on the face of the complaint. (See 3 Carmody's New York Practice [2d ed.], § 1066; *Seely* v. *Seely*, 164 App. Div. 650, 652.) Under these circumstances, an affidavit showing the existence of such issues is proper as it does not seek to have those issues adjudicated, but simply sets them forth to show that the motion pursuant to rule 112 should be denied. It was proper to set forth by way of affidavit the facts relating to a claim that the question had already been adjudicated. So, too, the claim of the tolling of the statute, pursuant to section 24 of the Civil Practice Act, and duration thereof, also presents an issue of fact. Nowhere does it appear just when the defendant-appellant, as director, voted for the resolution authorizing the alleged unlawful diversions. In our opinion, the third, fourth and sixth causes of action are based upon negligence and a money judgment would afford adequate relief. Section 48, subdivision 3, of the Civil Practice Act is applicable (*Potter* v. *Walker*, 276 N. Y. 15) and our holding to the contrary (*Chance* v. *Guaranty Trust Co.*, 251 App. Div. 855) must be deemed overruled by the subsequent decision of the Court of Appeals in the *Potter* case. Lazansky, P. J., Hagarty, Carswell and Adel, JJ., concur; Johnston, J., concurs as to the dismissal of the appeal from the order of November 25, 1938, but dissents and votes to reverse the order of December 3, 1938, on the ground the first cause of action is insufficient as to defendant Atterbury, and because the third, fourth and sixth causes of action are barred by the Statute of Limitations. (*Potter* v. *Walker*, 276 N. Y. 15.)