JNO. DUNLOP'S SONS, INC., Plaintiff, *v.* JOHN D. DUNLOP and BEVERIDGE C. DUNLOP, Defendants.

Supreme Court, Special Term, New York County, June 14, 1939.

*Kaufman & Weitzner* [*Emil Weitzner* and *Eugene M. Porter* of counsel], for the plaintiff.

*Weil, Gotshal & Manges* [*Horace S. Manges* and *James H. Mathias* of counsel], for the defendants.

SHIENTAG, J. The action is brought in equity by the plaintiff corporation against the defendant directors thereof for an accounting to recover alleged wrongful profits. The complaint charges that the defendants, while officers and directors of plaintiff corporation, conspired to defraud the latter; that in furtherance of said conspiracy, one of the defendants entered into a contract in December, 1930, to purchase a certain plant for the sum of $80,000 which was to be used by the plaintiff corporation for the processing of silk; that thereafter and in June, 1931, the defendants sold said plant to the plaintiff at an increased price and derived profits in excess of $15,000; that such conduct on the part of the defendants was in violation of their positions of confidence and trust as officers and

directors. The defendants are asked to account to the plaintiff for all profits derived by them or either of them resulting from the purchase of the plant and its resale to the plaintiff.

The defendants move to dismiss the complaint under rule 106 of the Rules of Civil Practice upon the ground that it fails to state facts sufficient to constitute a cause of action and, furthermore, under rule 107 of the Rules of Civil Practice for a dismissal of the complaint upon the ground that the cause of action set forth therein did not accrue within the time limited by law for the commencement thereof.

1. The complaint sets forth facts sufficient to entitle the plaintiff to relief in equity. The duty of a director of a corporation is fixed and absolute. He holds a position of trust and is under a compelling obligation to be faithful and loyal to his corporation and its stockholders. The complaint charges that the defendant John D. Dunlop purchased the plant in question knowing that it was intended to be used for corporate purposes, and thereafter sold it to the corporation at a profit in which both defendants shared. For the purpose of the motion to dismiss for insufficiency, these allegations must be deemed true. It follows that such conduct was wrongful, adverse to the interests of the corporation, and in violation of the defendants' obligations and duties. (*New York Trust Co.* v. *American Realty Co.*, 244 N. Y. 209; *Billings* v. *Shaw*, 209 id. 265; *Asphalt Construction Co.* v. *Bouker*, 150 App. Div. 691; affd., 210 N. Y. 643.)

The defendants must be deemed trustees of the profits realized by them and are accountable therefor to their *cestui que trust*. They were under a duty to transfer the plant to the corporation at actual cost. The beneficiary may compel repayment of any overcharge in the absence of full disclosure to the board of directors and stockholders prior to such transfer. Directors may not act in a dual capacity to their individual advantage. Silence when speech is imperative, concealment when disclosure is necessary, disloyalty when faithfulness is indicated, constitute breaches of fiduciary relationship for which relief in equity may be had. The complaint states a cause of action and the motion to dismiss for insufficiency is denied.

2. The defendants urge that the complaint should be dismissed under rule 107 of the Rules of Civil Practice on the ground that the transaction complained of occurred more than six years before the commencement of suit and is barred by the Statute of Limitations applicable to certain classes of actions at law. (Civ. Prac. Act, § 48, subds. 1 and 3.) Plaintiff urges that the ten-year statute governing equitable causes is applicable. (Civ. Prac. Act, § 53.)

An equitable remedy concurrent with a legal remedy is barred by the Statute of Limitations applicable to the legal remedy; but this is so only when the legal remedy is as complete, as effective and as adequate as the equitable remedy.   The issue here presented resolves itself, therefore, into a determination of whether adequate legal remedies were available to the plaintiff in which event the lesser period of limitation would control, or whether the right and remedy were necessarily equitable in nature so that the ten-year rule would apply.

The cause is predicated upon the alleged breach of a fiduciary duty and an accounting is sought of personal profits derived by the defendant directors in consequence of that breach.   An action at law does not afford an adequate remedy under such circumstances. Full and complete relief can only be obtained in an equitable action because of its wider scope and latitude.   To such a cause of action the ten-year Statute of Limitations is applicable.   (*Potter* v. *Walker*, 276 N. Y. 15; *Mencher* v. *Richards*, 256 App. Div. 280. See, also, *Goldstein* v. *Tri-Continental Corporation*, 257 App. Div. 801.)

The fact that profits wrongfully derived may be readily ascertained or have been allegedly disclosed subsequent to the transaction does not change the nature of the right and remedy.   The co-existence of a trust relationship between the parties and an advantage improperly procured by a claimed betrayal thereof, determine the nature of such right and remedy.   When the advantage thus obtained is in the form of personal profits an action at law to recover those profits is neither as complete nor as effective as the remedy which equity provides.   The rule is different when loss to a corporation is claimed for negligence or waste of corporate assets is committed by a director.   In such case an action at law to recover damages sustained by the corporation would afford adequate and full relief and the six-year Statute of Limitations would be applicable. By resorting to equity the full extent of alleged profits made by the defendants may be determined.   Undisclosed as well as revealed profits may be unearthed much more effectively by the probing arm of equity.   That there is some remedy at law is not conclusive. It does not preclude an aggrieved *cestui* from securing complete and appropriate redress.   (*Falk* v. *Hoffman*, 233 N. Y. 199.)

Among other reasons which make the legal remedy inadequate in the present case is the fact that in an action for money had and received the plaintiff must assume the burden of proving, in the first instance, the damages claimed.   In equity, however, after the plaintiff has established the breach of trust the defendants must come forward and account for the profits realized by them.   At

law the plaintiff's recovery is limited to the amount sued for. In equity the defendants must account for any and all profits arising from their wrongful acts. In an action for money had and received the defendants are required to make restitution of the moneys obtained by them and deemed to be held by them in trust for the plaintiff corporation. They must account only to the extent that they have been unjustly enriched. In equity, however, the defendants are jointly and severally liable for the profits arising from their official misconduct. (*Asphalt Construction Co.* v. *Bouker, supra.*)

Both sides cite the case of *Potter* v. *Walker (supra)* in support of their respective contentions. I find no difficulty in interpreting and applying that decision. It indicates the course to be followed as clearly as a fingerpost. In that case the Court of Appeals broke through the forest of words and phrases in past decisions and dicta in which this subject had for many years become enveloped and obscured. *Potter* v. *Walker* stands for the proposition that only if there is an adequate concurrent legal remedy is the six-year Statute of Limitations applicable; that the legal remedy is adequate where the action is one for damages such as an action for negligence or for waste even though some personal gain by a director may be involved; but that where the action is, in fact, to compel an accounting for personal profits obtained by a director in consequence of an inherently wrongful act in breach of his duty and obligation to the corporation, the legal remedy will be deemed inadequate and the ten-year Statute of Limitations must govern. Such a distinction finds ample justification in reason and in morals; it is fairly uniform and simple of application.

I find nothing in *Davis* v. *Cohn* (256 App. Div. 905) or in *Cwerdinski* v. *Bent* (Id. 612) that holds to the contrary. In neither case did the plaintiff seek to recover profits in the true sense of the word. Both actions were in effect actions for waste. In the fourth cause of action in the *Davis* case, relied upon by the defendants here, there is not even an allegation that the defendants derived profits as the result of the sale of the stock. It is only stated that the Columbia Pictures Corporation paid prices for the stock in excess of the market value (not in excess of what the defendants paid for it) to the corporation's damage.

It is unreasonable to suppose that the period of limitation in a case such as is here presented is dependent solely upon the complexity of proof; in other words, on whether the factual situation presented is simple or complex. If that were so, it would frequently be impossible to determine what Statute of Limitations should be applied until all the proof was in. If the defendants' contention is sustained, in some actions to recover profits wrong-

fully made by a director the ten-year Statute of Limitations would apply; in others the six-year statute would apply. Where the line of demarcation is to be drawn between a so-called complex action and a simple action is difficult to determine. Such an attempted distinction would create a treacherous twilight of confusion and uncertainty. The Court of Appeals in *Potter* v. *Walker* (*supra*) laid down no such rule. Complexity of proof sometimes gives equity jurisdiction in cases in which it would otherwise not assume jurisdiction. It is not, however, a determinative test of jurisdiction or of adequacy of remedy. (See the instructive notes on this subject in 47 Yale Law Journal, 1004, and 39 Columbia Law Review, 842.)

Courts should not be over-zealous in delicately weighing the efficacies of the respective remedies to the detriment of the wronged and the benefit of the wrongdoer. The action is one in equity; the legal remedy is inadequate; an accounting is necessary and the right and the remedy here are of an equitable nature. The ten-year Statute of Limitations applies and the motion to dismiss is in all respects denied.