MAX MENCHER, Appellant, *v.* EDWARD A. RICHARDS et al., Respondents, Impleaded with Others.

Argued April 22, 1940; decided May 28, 1940.

*Donald I. Peyser* and *Lester Nurick* for appellant. Since the action is against directors of a moneyed corporation, former section 48, subdivision 3, of the Civil Practice Act by its terms cannot apply to any portion of the complaint. If the plaintiff can secure complete and adequate relief at

law, section 49, subdivision 4, is applicable and former section 48, subdivision 3, by its own terms can have no application. (*Maxson* v. *D., L. & W. R. R. Co.*, 112 N. Y. 559; *Hayes* v. *Brooklyn Heights R. R. Co.*, 200 N. Y. 183; *Federal Debenture Co.* v. *Harriman Nat. Bank & Tr. Co.*, 254 App. Div. 362; *Bucklin* v. *Ford*, 5 Barb. 393; *Warren Refining & Chemical Co.* v. *Sebring*, 192 App. Div. 14; *Williamsburgh Power Plant Corp.* v. *City of New York*, 255 App. Div. 214; 280 N. Y. 551; *Dumbadze* v. *Ligmante*, 244 N. Y. 1; *Van Schaick* v. *Aron*, 170 Misc. Rep. 520.) Since the action is in equity, the ten-year period of limitations provided in section 53 of the Civil Practice Act is the applicable statute. (*Potter* v. *Walker*, 276 N. Y. 15; *Bosworth* v. *Allen*, 168 N. Y. 157; *Lattin* v. *McCarty*, 41 N. Y. 107; *Woolson Spice* v. *Columbia Trust Co.*, 110 Misc. Rep. 687; *Cruikshank Building Corp.* v. *Egbert*, 129 Misc. Rep. 268; *National Bank of Commerce* v. *Wade*, 84 Fed. Rep. 10; *Everitt* v. *Everitt*, 41 Barb. 385; *McCormack* v. *Halstead*, 132 Misc. Rep. 916; *Kelly* v. *Potter*, 16 N. Y. Supp. 446; *Chance* v. *Guaranty Trust Co.*, 251 App. Div. 855; *Pitcher* v. *Sutton*, 238 App. Div. 291; *McKenzie* v. *Wappler Electric Co.*, 128 Misc. Rep. 827; *Matter of Menahan*, 224 App. Div. 139; *Matter of Rogers*, 153 N. Y. 316; *Galway* v. *Metropolitan El. Ry. Co.*, 128 N. Y. 132; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Reubens* v. *Joel*, 13 N. Y. 488; *Root* v. *Railway Co.*, 105 U. S. 189; *Gilbert* v. *Ackerman*, 33 App. Div. 371; 159 N. Y. 118; *Hanna* v. *Lyon*, 35 Misc. Rep. 517; 179 N. Y. 107.)

*Franklin S. Wood, Paul A. Crouch* and *Clarence Fried* for George C. Holmberg et al., *amici curiæ.*

*John P. McGrath* and *Raymond J. McGrover* for Edward A. Richards et al., respondents. The three-year and six-year Statutes of Limitations are not mutually exclusive. (*Curtis* v. *Connly*, 257 U. S. 260; *Anderson* v. *Gailey*, 33 Fed. Rep. [2d] 589; *Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287.) Plaintiff can procure full and adequate relief at law for all wrongs charged in the complaint except

possibly the charges of secret profits against certain defendants. (*Potter* v. *Walker*, 276 N. Y. 15; *Gerdes* v. *Reynolds*, 281 N. Y. 180; *Dykman* v. *Keeney*, 154 N. Y. 483; *O'Brien* v. *Fitzgerald*, 143 N. Y. 377; 150 N. Y. 572; *Hun* v. *Cary*, 82 N. Y. 65.) The three-year Statute of Limitations applies to the entire complaint regardless of whether it be deemed equitable or legal in whole or in part. (*Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Gilbert* v. *Ackerman*, 159 N. Y. 118; *Van Schaick* v. *Cronin*, 237 App. Div. 7; *Ford* v. *Clendenin*, 215 N. Y. 1; *Treadwell* v. *Clark*, 190 N. Y. 51; *Gilmore* v. *Ham*, 142 N. Y. 1; *Loder* v. *Hatfield*, 71 N. Y. 92.)

*Bruce R. Duncan* for Empire Title and Guarantee Company, respondent.

*Ralph M. Carson* for Henry Russell et al., *amici curiæ*. The three-year statute exclusively governs all actions, whether legal or equitable, against stockholders or directors of a moneyed corporation to enforce a liability created by statute. (*Schram* v. *Cotton*, 281 N. Y. 499; *Wright* v. *Russell*, 155 Misc. Rep. 877; 269 N. Y. 683; *Nettles* v. *Childs*, 281 N. Y. 636; *Reisman* v. *Hall*, 257 App. Div. 892; *Platt* v. *Wilmot*, 193 U. S. 602; *Ramsden* v. *Gately*, 142 Fed. Rep. 912; *Whitman* v. *Atkinson*, 130 Fed. Rep. 759; *Hilliker* v. *Hale*, 117 Fed. Rep. 220; *Platt* v. *Hungerford*, 116 Fed. Rep. 771; *Seattle Nat. Bank* v. *Pratt*, 103 Fed. Rep. 62; 111 Fed. Rep. 841; *Hobbs* v. *National Bank of Commerce*, 96 Fed. Rep. 396; 178 U. S. 613; *Hillmer* v. *Anderson*, 15 Fed. Supp. 457; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; *Gilbert* v. *Ackerman*, 159 N. Y. 118; *Van Schaick* v. *Cronin*, 237 App. Div. 7; *Shepard Co.* v. *Taylor Pub. Co.*, 234 N. Y. 465.) The ten-year statute has no application to liabilities imposed by common law or by statute on stockholders or directors of a moneyed corporation. (*Butler* v. *Johnson*, 111 N. Y. 204; *Peters* v. *Delaplaine*, 49 N. Y. 362; *Cwerdinski* v. *Bent*, 256 App. Div. 612; 281 N. Y. 782; *Mason* v. *Henry*, 152 N. Y. 529; *Welles* v. *Yates*, 44 N. Y. 525.)

*A. Hayne Yampert, Thomas A. Sully* and *David Joyce* for Mabon & Company et al., *amicus curiæ.* The ten-year Statute of Limitations, Civil Practice Act, section 53, applies only to such causes of action for which no other period of limitation is prescribed in any of the preceding sections of article 2 of the Civil Practice Act. (*Galway* v. *Metropolitan Elev. Ry. Co.*, 128 N. Y. 132; *Gilmore* v. *Ham*, 142 N. Y. 1; *Hofferberth* v. *Nash*, 191 N. Y. 446; *Shepard Co.* v. *Taylor Publishing Co.*, 234 N. Y. 465; *Schmidt* v. *Merchants Despatch Transp. Co.*, 270 N. Y. 287; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Buttles* v. *Smith*, 281 N. Y. 226; *Keys* v. *Leopold*, 241 N. Y. 189; *Dwinelle* v. *Edey*, 102 N. Y. 423; *Rhinelander* v. *Farmers' Loan & Trust Co.*, 172 N. Y. 519; *Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113.) The three-year Statute of Limitations applied to actions against directors of moneyed corporations to enforce a liability created by the common law. (*Gilbert* v. *Ackerman*, 159 N. Y. 118; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Van Schaick* v. *Cronin*, 237 App. Div. 182.) The three-year Statute of Limitations applied to actions against stockholders of moneyed corporations or banking associations to enforce their liability created by statute. (*Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Bicknell* v. *Hood*, 168 Misc. Rep. 727; *Bicknell* v. *Central Hanover Bank & Trust Co.*, 169 Misc. Rep. 7; 255 App. Div. 956; *Wright* v. *Russell*, 155 Misc. Rep. 877; 245 App. Div. 708; 269 N. Y. 683; *Reisman* v. *Hall*, 257 App. Div. 892; *Platt* v. *Wilmot*, 193 U. S. 602; *Schram* v. *Cotton*, 281 N. Y. 499; *Hillmer* v. *Anderson*, 15 Fed. Supp. 457; *Nettles* v. *Childs*, 281 N. Y. 636.)

SEARS, J. The part of the order which is before us for review denies an examination before trial of the defendant Empire Title & Guarantee Company and certain individual defendants, directors of the Empire Title & Guarantee Company. The result of the appeal depends upon the particular section of the Statute of Limitations applicable to the plaintiff's alleged causes of action to which the examinations relate. The action is a stockholder's derivative action

to recover on behalf of the corporate defendant from the individual defendants for losses resulting from illegal investment by the individual defendants of the funds of the corporate defendant. The corporate defendant is concededly a moneyed corporation. The acts which constitute the alleged causes of action occurred in 1929 and 1930 in respect to which the examinations are sought and are not alleged to have resulted in profit for the individual defendants. This action was begun March 3, 1937. The pertinent parts of the three sections of the Civil Practice Act here involved are:

" § 48 [as it was before amendment, L. 1936, ch. 558]. Actions to be commenced within six years. The following actions must be commenced within six years after the cause of action has accrued:

" 1. &ast; &ast; &ast;

" 2. &ast; &ast; &ast;

" 3. An action to recover damages for an injury to property, or a personal injury except in a case where a different period is expressly prescribed in this article."

" § 49. Actions to be commenced within three years. The following actions must be commenced within three years after the cause of action has accrued:

" 1. &ast; &ast; &ast;

" 2. &ast; &ast; &ast;

" 3. &ast; &ast; &ast;

" 4. An action against a director or stockholder of a moneyed corporation, or banking association, to recover a penalty or forfeiture imposed, or to enforce a liability created by the common law or by statute. The cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts under which the penalty or forfeiture attached or the liability was created."

" § 53. Limitation where none specially prescribed. An action, the limitation of which is not specifically prescribed in this article, must be commenced within ten years after the cause of action accrues."

In *Potter* v. *Walker* (276 N. Y. 15) we had before us a stockholder's derivative action against directors of a corporation (which was not a moneyed corporation) and we there held in applying the Statute of Limitations that the action was to be treated in the same way as though the corporation were the plaintiff, and, that if the action was to recover profits which the director had wrongfully received and for which he would be liable to account, it was equitable in nature and subject to the ten-year statute, but, if the action was for damages suffered by the corporation from the negligent action of the director where there had been no participation by him in the receipt of wrongful profits, the six-year statute (as it then was) applied. Here the causes of action are of the latter class and the ten-year statute is not applicable. The six-year statute is applicable under the authority of the *Potter* case (*supra*) unless the fact that the corporation involved is a moneyed corporation requires a different ruling because of the quoted language of subdivision 4 of section 49. We need not inquire as to the reason for this statutory distinction between cases involving directors of moneyed corporations and those involving directors of other corporations. The statute is unambiguous and definite. The causes of action here, as to which examinations are sought and have been denied, are the very causes of action which subdivision 4 of section 49 specifies. It seems clear that that provision is here applicable.

The respondents urge, however, that even though subdivision 4 of section 49 is applicable, subdivision 3 of section 48 (the six-year statute as above quoted) is also applicable and that the two provisions must be construed together so that in any event, even though the facts under which the liability was created were not discovered, the Statute of Limitations would have run at the expiration of six years. We do not so read the statutes. Some force must be given the words in the six-year statute, section 48, " *except in a case where a different period is expressly prescribed in this article.*" While the action here is to be looked at as one for an injury to property, a different period is expressly pre-

scribed in subdivision 4 of section 49. Further, in section 49, subdivision 4, which contains the provision that the statute runs only from discovery of the facts, there is no limitation upon the time of the discovery, nor is it easily understood why there should be. In 1936 (L. 1936, ch. 558) the six-year period of limitation contained in section 48, subdivision 3, was reduced to a three-year period. (See § 49, subd. 7, as now in effect.) If before the amendment section 48, subdivision 3, was applicable so as to confine the period of limitation to six years in any event despite section 49, subdivision 4, then after the amendment subdivision 7 of section 49 would similarly apply. Thus the exception in subdivision 4 would be rendered nugatory, for in any case, despite the time of discovery, a three-year period of limitation would prevail.

For these reasons we conclude that subdivision 4 of section 49 is the only Statute of Limitation here applicable, and, as it does not appear what was the date of the discovery of the facts under which the liability was created, the examination should not have been denied as matter of law.

The order, so far as appealed from, should be reversed, with costs, and the certified question answered in the negative. (See 283 N. Y. 776.)

Loughran, Finch, Rippey and Lewis, JJ., concur; Lehman, Ch. J., and Conway, J., taking no part.

Order reversed, etc.