William C. Hecht, Jr., J.
The defendants New Yorker Towers, Ltd., Cole, Cross, Selcow, Harvey J. Schwartz, Joseph J. Schwartz and Hoffman move for dismissal of the complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, and for further relief, striking out 24 paragraphs of the complaint, as well as the prayer for relief, upon the ground that the allegations contained in those paragraphs are at variance with and contradict the written contract annexed to the complaint and the conclusions drawn therefrom in the pleading.
Defendant New Yorker Properties, Inc., was the owner, and the defendant Cal-New Yorker, Inc., was the operator of the New Yorker Hotel. Plaintiffs’ contract with the defendant Cal, guaranteed by the defendant Properties, provided for the installation of a master antenna system, wiring, cables, outlets and other electrical work at a cost claimed by plaintiffs to be in excess of $200,000, and for installation of approximately 2,000 television sets and matching consoles at a cost claimed *641 by plaintiffs to be in excess of $300,000, and for maintenance and servicing of the television sets entailing a continuous cost of approximately $2,000 per month, payments to be made over a period of 5% years, and upon completion of the installations those defendants would become the owners.
It is alleged that Cal and Properties warranted and represented that the Hotel New Yorker was a profitable operation; that they intended to own and operate the hotel for the full term of the proposed agreement, and that they had no intention of selling or disposing of the hotel; that they would at all times keep on hand ample funds with which to pay the amounts required, aggregating approximately $700,000. Those defendants insisted that the agreement provide that the electrical installations would become part of the realty and that plaintiffs waive a lien on Properties. Plaintiffs therefore insisted that those defendants agree during the contract term not to sell the hotel except on notice to the plaintiffs and to a bona fide purchaser of substance and ability, and upon assumption by the buyer of the contract and its obligations. On such representations, the plaintiffs off March 25, 1958 agreed to make the installations and thereafter completed the work.
It is further alleged that those defendants never intended to honor their obligations or the warranties and representations as made, and were endeavoring to sell the hotel property and induce the plaintiffs to improve the property and to enhance its value, thus unjustly enriching the defendants through the sale of the property without intention to pay. While plaintiffs were performing the contract on its face, those defendants negotiated with other defendants without the knowledge of the plaintiffs and did, on September 3, 1959, contract to sell the property.
Five thousand six hundred and fifty-seven dollars became due on October 15, 1959. Title to the property was conveyed on October 30, 1959 to defendant New Yorker Towers, Ltd., a purchaser not of substance or ability, without notice ■ to the plaintiffs. While Ltd. was notified of the underlying agreement and its breach, nevertheless Ltd. was not required to, and it did not, assume the contract and its obligations. It is further alleged that on the sale defendants Cal and Properties received or will receive from Ltd. and from the individual defendants cash and/or a purchase-money mortgage; that, to some extent at least, the moneys to be received are to be realized only because of the improvements made by the plaintiffs; that Properties failed to hold the considerations, in violation of section 13 of the Lien Law and of the trust provisions in the deed. It is *642 further alleged that in the sale by Cal and Properties all the defendants violated the agreement of March 25, 1958 and section 44 of the Personal Property Law, with knowledge of the underlying agreement.
Continuing, the complaint states that since the sale the remaining defendants have been using the property, including the improvements thereto, with knowledge that the defendants Cal and Properties have not paid the installment due on October 15, 1959, and that no payments have been made thereafter; that, to preserve their rights, plaintiffs maintain two employees to service the television sets, pursuant to their contract.
Finally it is alleged that the actions of the defendants were and are in fraud of the plaintiffs and to the unjust enrichment of the defendants. Cal and Properties and those individual defendants associated with them are nonresidents. Cal and Properties have no property or any other assets in New York save the moneys owing to them by virtue of the sale to Ltd. Cal and Properties have so disposed of the property and of the receipts of the sale as to render it impossible to apply any property in the State of New York to the payment of any judgment that the plaintiffs might recover in an action at law.
Plaintiffs argue that they have an action for specific performance of the contract and for the impressment of a constructive trust because of bad faith and unjust enrichment. They urge further that the allegations of the complaint are in strict accord with the contract, and the warranties, assurances and representations are not set forth to vary the contract, but rather as bases in the interest of justice to direct specific performance. Thus, plaintiffs insist that by virtue of the circumstances here, as set forth in the complaint, they are entitled to the imposition of the constructive trust.
As stated in Latham v. Father Devine (299 N. Y. 22, 27): “ A constructive trust will be erected whenever necessary to satisfy the demands of justice. Since a constructive trust is merely 1 the formula through which the conscience of equity finds expression ’ (Beatty v. Guggenheim Exploration Co., 225 N. Y. 380, 386; see 3 Bogert on Trusts and Trustees, Part 1, § 471; Lightfoot v. Davis, 198 N. Y. 261; Falk v. Hoffman, 233 N. Y. 199; Meinhard v. Salmon, 249 N. Y. 458; also, see Warren in 41 Harv. L. Rev. 309 et seq.), its applicability is limited only by the inventiveness of men who find new ways to enrich themselves unjustly by grasping what should not belong to them. Nothing short of true and complete justice satisfies equity, and, always assuming these allegations to be true, there seems *643 no way of achieving total justice except by the procedure used here.”
There may be set forth in this complaint at least a cause for specific performance against Cal and Properties and for the impressment of trust on the purchase-money mortgage or other receipts to be received by those defendants by virtue of the sale, but no cause is set forth against the moving individual defendants. The fact that, as argued, the plaintiff may not attempt to vary the terms of the basic contract does not prevent it from establishing the basis for the impressment of a trust upon proof outside the contract, and to that end the defendant Ltd. is a proper party defendant. Plaintiffs do not attempt to secure the benefits of an agreement different from the contract as written, but rather the benefits flowing from that contract as written and upon the basis of an action in equity to secure those benefits, where, by reason of the alleged wrongful acts, the defendants have secured their benefits without the burdens imposed by the agreement and in circumstances which render impossible the recovery by the plaintiffs at law of the benefits or of the improvements. Nevertheless, insisting upon the agreement and its enforcement, while plaintiffs may have some legal grievance against the moving individual defendants, none is asserted against them. Nor is it necessary to consider whether plaintiffs have a cause of action for specific performance against Ltd., for the latter is at least a proper party with respect to a cause of action for impressment of trust, at least upon the purchase-money mortgage or other obligations arising out of the transactions and owing to Cal or Properties, which is in lieu of the obligations of Cal and Properties to plaintiff, for the consideration of the underlying contract moving from the plaintiffs did, in some part at least, enter into the consideration for the sale of Ltd.
With respect to the balance of the relief sought, defendants have failed to indicate under what rule the relief is requested. No ground is stated in the notice of motion for the elimination of any paragraph which constitutes ground for relief pursuant to rule 103. In any event, in the light of the conclusions reached on the application for dismissal for insufficiency, the ground urged in the notice of motion is not available.
The motion is granted to the extent of dismissing the complaint against the moving individual defendants and is otherwise denied, with leave to plaintiff to serve an amended complaint within 20 days from the service of a copy of this order with notice of entry.