Ellis G. Potter, Individually and as a Stockholder of Pan American Petroleum & Transport Company, Suing on Behalf of Himself and All Other Stockholders of Pan American Petroleum & Transport Company Similarly Situated, and in the Right of Pan American Petroleum & Transport Company, Appellant, and Herman Wangrow, Intervenor, Appellant, *v.* Elisha Walker, George Armsby, Paul H. Harwood, Edward F. Hayes, Hunter S. Marston and Edward R. Tinker, Respondents, Impleaded with Edward G. Seubert and Others, Defendants.*

(Consolidated Appeals.)

First Department, January 25, 1937.

* See 159 Misc. 339; 250 App. Div. 715; Id. 748.

*A. Lincoln Lavine* of counsel [*Howard W. Ameli* and *A. Lincoln Lavine*, attorneys], for the appellants.

*Frederick H. Wood* of counsel [*Alfred McCormack, George M. Billings* and *George G. Tyler* with him on the brief; *Cravath, de Gersdorff, Swaine & Wood*, attorneys], for the respondents Walker, Armsby, Hayes and Marston.

*David Paine* of counsel [*C. M. Tappen* and *George Koegler* with him on the brief; *Kellogg, Emery & Inness-Brown*, attorneys], for the respondent Paul H. Harwood.

*George L. Trumbull* of counsel [*Randolph H. Guthrie* and *Donald Kehl* with him on the brief; *Mudge, Stern, Williams & Tucker*, attorneys], for the respondent Edward R. Tinker.

PER CURIAM. Plaintiff, suing for wrong done the corporation of which he was a stockholder, of necessity brought his action in equity, which alone could afford him a remedy. (*Brinckerhoff* v. *Bostwick*, 105 N. Y. 567; *O'Brien* v. *Fitzgerald*, 143 id. 377, 382; *Bookbinder* v. *Chase Nat. Bank of New York*, 244 App. Div. 650.)

His action is a representative one, whether so stated or not. (*Grant* v. *Greene Consolidated Copper Co.*, 169 App. Div. 206; affd., 223 N. Y. 655.) While plaintiff as a stockholder has the right to invoke the aid of a court of equity, any cause of action he might have is a derivative one and for the benefit of the corporation.

It has been well stated that in a representative derivative action a stockholder who brings the same is not the real plaintiff, but merely the " instigator " of the action. (*Holmes* v. *Camp*, 180 App. Div.

409, 412.) It would seem, therefore, that the plaintiff should not have a greater period of time within which to bring his various causes of action than his corporation would have. The question of what Statute of Limitations is applicable, therefore, is to be determined as if the corporation itself had brought suit.

In the first cause of action the plaintiff seeks, through an accounting, not only to recover losses sustained by his corporation, Pan American Petroleum & Transport Company, resulting from wrongful acts of the defendants-respondents, but also profits received directly or indirectly by the defendants Walker, Armsby, Hayes and Marston. As to these defendants an action at law would not be as complete or effective as the remedy in equity. (*Falk* v. *Hoffman*, 233 N. Y. 199.) These defendants, therefore, were not entitled to plead the six-year Statute of Limitations at law, since the ten-year Statute of Limitations in equity would apply. (*Hanover Fire Ins. Co.* v. *Morse D. D. & R. Co.*, 270 N. Y. 86.)

With respect to the defendants Harwood and Tinker, however, they are merely charged with acts tantamount to negligence. They are not charged with having participated directly or indirectly in any profits realized. While they are properly sued in equity, at least from the viewpoint of avoiding a multiplicity of suits, they may not be sued in equity merely to enlarge the time within which the action might be instituted. (*Hanover Fire Ins. Co.* v. *Morse D. D. & R. Co.*, *supra.*) As to these latter defendants, therefore, Special Term properly held the six-year statute at law applicable.

We are of opinion that Special Term also properly held the six-year Statute of Limitations at law applicable as to the defendants-respondents with respect to the fourth cause of action. Clearly there would have been an adequate remedy at law against the defendant Stewart upon the theory of money had and received. There is no allegation of participation in profits. While there would not have been an action at law for money had and received against any of the defendants except the defendant Stewart, it not being alleged that they received any part of the sum paid to him, there would have been an adequate remedy at law against them predicated upon negligence, as in the case of the first cause of action.

With respect to the seventh cause of action, it is to be noted that again the plaintiff seeks to recover not only the losses sustained by his company, but for profits allegedly gained from the illegal diversion of corporate funds. Participation in profits is not alleged on the part of the defendant Harwood. As to him, as in the first cause of action, plaintiff would have a complete and adequate remedy at law and Special Term properly held the six-year Statute of Limitations applicable. As to the other five defendants-respond-

ents, however, they are charged with having participated in the illegal profits. As stated with respect to the first cause of action, there would not have been as complete and effective remedy at law as in equity. (*Falk* v. *Hoffman, supra.*) Accordingly, these defendants may not have the benefit of the six-year statute.

It follows, therefore, that the order dismissing the first, fourth and seventh causes of action in favor of the defendants Walker, Armsby, Hayes and Marston should be modified by denying the motion to dismiss the first and seventh causes of action, and as so modified affirmed; and that that portion of the judgment entered thereon which dismisses the first cause of action against said defendants should be reversed and that portion of said judgment which dismisses the fourth cause of action affirmed, without costs. The order dismissing the seventh cause of action against defendant Tinker should be reversed, with twenty dollars costs and disbursements, and the motion denied. Otherwise the orders and judgments appealed from should be affirmed, with costs to the defendants Harwood and Tinker.

Present — MARTIN, P. J., McAVOY, O'MALLEY and COHN, JJ.; McAVOY, O'MALLEY and COHN, JJ., concur; MARTIN, P. J., concurs in result.

Order dismissing the first, fourth and seventh causes of action in favor of the defendants Walker, Armsby, Hayes and Marston modified by denying the motion to dismiss the first and seventh causes of action, and as so modified affirmed; that portion of the judgment entered thereon which dismisses the first cause of action against said defendants unanimously reversed and that portion of said judgment which dismisses the fourth cause of action unanimously affirmed, without costs. The order dismissing the seventh cause of action against defendant Tinker unanimously reversed, with twenty dollars costs and disbursements, and the motion denied. Otherwise the orders and judgments appealed from unanimously affirmed, with costs to the defendants Harwood and Tinker. Settle orders on notice.