HENRY M. CHANCE, CHARLES A. BRAWN, LOUIS C. BIEN, JACOB ROLNICK and JOSEPH TRAGER, Suing on Behalf of Themselves and All Other Stockholders of R. HOE & CO., INC., Respondents, v. GUARANTY TRUST COMPANY OF NEW YORK, GUARANTY COMPANY OF NEW YORK (in Liquidation), BOUDINOT ATTERBURY, JOHN W. CUTLER, CHARLTON B. HIBBARD, ALLEN W. LISHAWA, RANALD H. MACDONALD, JR., Sued Herein as RANALD H. MACDONALD, JR., EDWIN A. POTTER, JR., RADCLIFFE CHESTON, JR., CHARLES S. CHESTON, JOHN W. CUTLER, REGINALD E. HEARD, REGINALD G. COOMBE, EDWARD C. SAYERS, RODNEY W. BROWN, JUNIUS A. RICHARDS, ROBERT F. WHITMER, JR., and HARCOURT ARMORY, Copartners Composing the Former Firm of EDWARD B. SMITH & Co., as It Existed in 1932; GAYER G. DOMINICK, F. WILDER BELLAMY, ELTON PARKS, RANALD H. MACDONALD, JR., Sued Herein as RANALD H. MACDONALD, JR., ANDREW V. STOUT, JR., WILLIAM T. MCINTIRE, GARDNER D. STOUT, WILLIAM C. BEACH, EDWARD K. DAVIS, Copartners, Composing the Former Firm of DOMINICK & DOMINICK, as It Existed in 1932, Appellants, and Others, Defendants.— Seven orders included in a consolidated appeal, denying defendants' motions, under rule 107, subdivision 6, of the Rules of Civil Practice, to dismiss the first, third, fourth and sixth causes of action in the complaint, on the ground that they are barred by Statutes of Limitation affirmed, with ten dollars costs and disbursements

on each order, with leave to answer within ten days from the entry of the order hereon. Each cause of action is essentially equitable in its nature. They are based upon claimed breaches of duty by individuals and corporations occupying a fiduciary relationship to the corporation in behalf of which this derivative action is prosecuted. The fact that the incidents upon which they are based might be made the subject of an action at law by the corporation does not preclude the self-same facts from sustaining an action on a different or equitable theory for appropriate redress. The theory of each of the causes of action being equitable in its nature, the ten-year Statute of Limitation is applicable. (Civ. Prac. Act, § 53.) As to the third cause of action, the statute was tolled for at least the period between April, 1932, and July, 1933; and since the acts upon which it is based were not concluded until June, 1925, that action is not barred by the statute. In so far as *Potter* v. *Walker* (252 App. Div. 244) is to the contrary, it may not be followed. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.