Alcy Cwerdinski, Suing on Her Own Behalf and on Behalf of All Other Stockholders of Bethlehem Steel Corporation, a Delaware Corporation, Similarly Situated Who May Come in and Contribute to the Expenses of This Action, Respondent, v. Quincy Bent and Others, Defendants, Impleaded with Eugene G. Grace and William J. Brown, Appellants.

First Department, April 6, 1939.

*Frederick H. Wood* of counsel [*William D. Whitney* and *George M. Billings* with him on the brief; *Cravath, de Gersdorff, Swaine & Wood*, attorneys], for the appellants.

*Milton Pollack* of counsel [*Milton I. Milvy* and *William F. Unger* with him on the brief], for the respondent.

Glennon, J. This action was instituted by the plaintiff on her own behalf and on behalf of all other stockholders against the directors of the Bethlehem Steel Corporation, a Delaware corporation. The latter was joined as a party defendant on the theory that it would be futile for the plaintiff to demand that the corporation should institute an action, since all of the members of the board of directors are defendants.

The Bethlehem Steel Corporation of Delaware, in February, 1936, became the successor by merger to the Bethlehem Steel Corporation, which was organized and formerly existed under the laws of the State of New Jersey.

The defendants Grace and Brown moved at Special Term to dismiss the first cause of action in the fourth amended complaint and to dismiss and strike out that portion of the second cause of action which repeats and realleges the allegations contained in the first cause of action under rule 107 of the Rules of Civil Practice upon the ground that the action was barred by the six-year Statute of Limitations. The court at Special Term denied the motion and held that the ten-year Statute of Limitations applied.

We are of the opinion that the order must be reversed since the contentions of the moving defendants, who are the appellants herein, are well founded.

The transactions set forth in the first cause of action occurred prior to the merger in 1936, and, consequently, the cause of action set forth therein accrued originally in favor of the New Jersey corporation.

Plaintiff was the owner and holder of ten shares of the seven per cent preferred stock of the New Jersey corporation from 1928 until the time of the merger, when she became and still is the owner of ten shares of the seven per cent preferred stock and ten shares of the five per cent preferred stock issued by the defendant, the Delaware corporation.

It is alleged in the first cause of action that in the years 1917 and 1918 the board of directors and the stockholders of the New Jersey corporation adopted resolutions whereby provision was made for the payment of bonuses to certain officers and employees of the corporation and its subsidiaries. The bonus plan was to be subject to the following restrictions:

" (a) That in no event should the aggregate amount of the bonus payments exceed 8% of the net earnings of the said Corporation after deducting all charges and dividends paid on the preferred stock, but before deducting depreciation.

" (b) That the bonus payments being intended as an incentive for services should at all times thereafter constitute reasonable compensation, consistent at all times with the services performed by the recipients of such bonus payments, with the relation of such services to the earnings of the said Corporation, with the distribution to stockholders by way of dividends, and with said Corporation's general financial condition."

The following allegations in the complaint present the gist of plaintiff's grievance:

" 9. The said bonus plan was administered by the defendant Schwab by and with the consent, approval and assistance of the directors of the said New Jersey Bethlehem Corporation, and said defendant Schwab, as an officer and director, from time to time negotiated with each of the other officers of the said Corporation and heads of departments as to the amounts of bonus that should be and were paid to said officers and heads of departments, respectively.

" 10. The bonus plan was not administered in accordance with the limitations set forth in paragraph ' 8 ' of this complaint, but on the contrary, in computing and making such bonus payments, no deductions were made for proper charges such as obsolescence and depletion, which should have been deducted, and bonuses were computed and paid in disregard of the fact that the said bonus figures in fact constituted unreasonable and grossly excessive compensation inconsistent with the services performed and the relation of such services to the earnings of the said Corporation, inconsistent with the distribution of dividends to stockholders and the said Corporation's general financial condition. By reason of the aforesaid facts said payments constituted a waste and misappropriation of the said Corporation's assets."

It is charged further that in the years 1928, 1929, 1930 and in the first half of 1931 certain officers and directors, including the appellants, were the recipients of bonuses which were computed and paid contrary to the provisions of the plan.

In her prayer for relief the plaintiff demands that the court determine the amounts paid under the bonus plan for each of the years 1928 to 1931, inclusive, in excess of eight per cent of the net earnings of the New Jersey corporation upon which the bonuses were to be based, that it fix fair and reasonable compensation for such services rendered by certain of the individual defendants during the years 1928 to 1930, inclusive, and the first half of 1931; and that certain of the individual defendants account for the moneys which they received in excess of eight per cent of the net earnings of the New Jersey corporation upon which the bonuses were to be based and in excess of the amount fixed by the court as reasonable compensation for services rendered by them.

The purpose of the first cause of action is to compel the parties who were the recipients of the bonuses to return to the corporation the difference between the sums actually received by them and the amounts which should have been paid under the bonus plan. In short, the first cause of action involves sums of money which these appellants, and other individual defendants, are said to have received wrongfully from the New Jersey corporation. Since that

is so, the corporation could have instituted an action for money had and received, and, consequently, no accounting would have been necessary. Had the corporation brought the action the six-year Statute of Limitations would have controlled. A shareholder is in no better position than the corporation, even though the complaint is addressed to the equity side of the court. The authorities which govern the question in the case at bar are collated and discussed ably by Judge O'BRIEN in *Potter* v. *Walker* (276 N. Y. 15), wherein he said: " In *Wallace* v. *Lincoln Sav. Bank* (89 Tenn. 630, 648, 649) the opinion was written by a distinguished jurist, Mr. Justice LURTON. That action, as is the one now before us, was instituted by a shareholder in behalf of all other shareholders against directors of the corporation for their breach of trust due to inattention, negligence and mismanagement in that they failed to supervise the management and turned over the entire control of the bank to the unlimited discretion and unaided judgment of the cashier. In the course of his opinion the learned justice wrote: ' This kind of suit is, at last, but the suit of the corporation for its benefit and upon its right of action. If for any reason the corporation is estopped from suing, or its action is barred, the suit by the stockholder or creditor is likewise affected,' and quoted the following excerpt from Morawetz on Private Corporations (§ 271): ' A suit of this character is brought to enforce the corporate or collective rights, and not the individual rights of the shareholders. It may therefore properly be regarded as a suit brought on behalf of the corporation, and the shareholder can enforce only such claims as the corporation itself could enforce. Moreover, the essential character of a cause of action belonging to a corporation remains the same, whether the suit to enforce it be brought by the corporation or by a shareholder. Thus a legal right of action would not be treated as an equitable one, or become governed by the rules applicable to equitable causes of action, as to limitations, etc., because a shareholder has brought suit in equity to enforce it on behalf of the company.' The same principle has been accepted in this State in *Holmes* v. *Camp* (180 App. Div. 409, 412). In an action for damage to property the six-year statute applies even in those instances where the alleged remedy may be equitable in form. ( *Keys* v. *Leopold*, 241 N. Y. 189, 192.) "

The facts with which we have to deal are analogous to those which were contained in the fourth cause of action in the complaint under consideration in *Potter* v. *Walker* (*supra*). There it was charged that one Robert W. Stewart was " chairman of the board of Standard Oil, and likewise a director of Pan American Company;" that he directed, supervised and controlled the policy and

administration of both companies; that he caused the Pan American Company, with the approval and acquiescence of its then board of directors, to pay to him $150,000, ostensibly as a commission for services rendered, but, in fact, as a gift. In referring to this payment to Stewart, Judge O'BRIEN said: " A remedy at law against Stewart for money had and received would lie and no accounting is necessary." It was also held in that case that the cause of action against the directors for negligence in making the payment was barred by the six-year Statute of Limitations.

Recently this court had occasion to deal with a similar question which was presented in *Davis* v. *Cohn* (256 App. Div. 905). We held, in effect, where it was charged that directors improperly had collected bonus payments which were based upon an erroneous computation of the earnings of the company involved, that the six-year Statute of Limitations applied.

Finally, there is no factual complexity in the first cause of action such as would require an accounting in a court of equity. (*O'Brien* v. *Fitzgerald*, 143 N. Y. 377; 6 App. Div. 509; affd., 150 N. Y. 572; *Dykman* v. *Keeney*, 154 id. 483.)

For the reasons assigned, the order in so far as appealed from should be reversed, with twenty dollars costs and disbursements, and the said motion granted, with leave to the defendants-appellants to answer within twenty days after entry of the order hereon.

MARTIN, P. J., TOWNLEY and DORE, JJ., concur.

Order, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, and motion granted, with leave to defendants-appellants to answer within twenty days after entry of order.