LOUIS CORASH, as a Stockholder of INDIAN REFINING COMPANY, Suing on His Own Behalf and on Behalf of All Other Stockholders of Indian Refining Company Similarly Situated, and Who May Desire to Join in This Action and Contribute to the Expense Thereof, Respondent, Appellant, v. THE TEXAS COMPANY and Fourteen Others, Including CLARENCE E. OLMSTED and S. B. WRIGHT, Appellants, and THE TEXAS CORPORATION, Respondent, Impleaded with Nineteen Others, Including TEXACO DEVELOPMENT CORPORATION and INDIAN REFINING COMPANY, Defendants.

First Department, June 5, 1942.

*Joseph M. Proskauer* of counsel [*Theodore J. Miller, Oscar J. Dorwin* and *Eugene Eisenmann* with him on the brief]; *Dunnington, Bartholow & Miller*, attorneys, for the appellants Dunnington, Gray, Jr., Henry and Harris; *Harry T. Klein*, attorney, for the appellants The Texas Company, Dodge, Gibson, Klein, Lindeman, Ogarrio, Olmsted, Rieber, Rodgers, Saunders and Wright, and for the respondent The Texas Corporation.

*Mortimer Hays* of counsel [*Mortimer Feuer, Maury L. Spanier* and *Bernard A. Saslow* with him on the brief; *Louis Corash* and *Hays, Podell & Shulman*, attorneys], for the respondent-appellant.

CALLAHAN, J.   In this stockholder's action brought on behalf of Indian Refining Company (hereinafter " Indian "), cross-appeals

have been taken from an order entered on a motion of certain defendants for summary judgment dismissing the third cause of action on the ground that it is barred by the Statute of Limitations.

Plaintiff is a stockholder of Indian. Defendants are Indian, The Texas Corporation (hereinafter " Texas ") owning ninety-one per cent of Indian's stock, The Texas Company and Texaco Development Corporation, subsidiaries of Texas, and thirty-two individuals claimed to be present or former officers and directors of these corporations. The complaint charges in effect that defendants conspired with Texas to use its ninety-one per cent stock control of Indian to despoil Indian for the alleged benefit of other subsidiaries wholly owned. Five causes of action are alleged. The motion by Texas Company, Texaco Development Corporation and fourteen of the thirty-two individual defendants relates solely to the third cause of action.

The third cause of action alleges that Indian is in the oil refining and marketing business; that Texas in 1931 acquired a majority control of Indian's stock; that the Texas Company is a wholly owned subsidiary of Texas; that under a contract made in 1936 Texas agreed to survey and acquire for Indian oil leases and mineral rights, and did so acquire such rights on 250,000 acres of land; that the Texas Company and the individual defendants, who were officers and directors of the corporate defendants or of Indian at that time, realizing the value of the rights and desiring to acquire them for Texas at Indian's expense, fraudulently and wastefully caused Indian to make a second contract with Texas on June 18, 1937, whereby Indian transferred to the Texas Company all its rights in the oil leases and mineral rights acquired under the 1936 contract in return for an agreement to pay Indian $50,000, all its expenses (approximately $250,000) and one-sixteenth of the net oil royalties acquired; that thereafter the Texas Company began to drill and conduct productive operations on the lands, the rights to which had been so acquired, and in 1939 the net royalties from oil production alone amounted to over $12,000,000 and Indian's one-sixteenth to less than $1,000,000; that at the time of the 1937 agreement the corporate defendants and the named individuals knew or possessed information sufficient for knowledge that the value of Indian's rights was far in excess of the price agreed to be paid by the Texas Company; and that it was their intention to cause Indian to risk its funds and, when the value became apparent, to cause it to surrender the rights. Plaintiff demands judgment for damages, losses suffered and profits gained, and also demands a direction that defendants return to Indian all the property acquired as a result of the allegedly wasteful acts.

The summons was served July 9, 1940, more than three years after the challenged contract of June 18, 1937. Special Term denied the motion as to all defendants except the Texas Corporation and Texaco Development Corporation. Defendants, except The Texas Corporation, appeal from the denial of their motion. Plaintiff has acquiesced in the decision as to Texaco Development Corporation but cross-appeals as to Texas Corporation.

The former six-year period of limitations for an injury to property contained in subdivision 3 of section 48 of the Civil Practice Act was reduced by chapter 558 of the Laws of 1936 to a three-year period (§ 49, subd. 7). Before such amendment, subdivision 3 of section 48 was applicable, making the period of limitation in an action for waste or injury to property six years. After the amendment, subdivision 7 of section 49 applies, making the period three years. (*Mencher* v. *Richards*, 283 N. Y. 176, 183; *Goldstein* v. *Tri-Continental Corp.*, 282 id. 21; Civ. Prac. Act, § 49, subd. 7.) Cases arising before the 1936 amendment are authorities for the application of a three-year limitation to similar transactions occurring since September 1, 1936.

We find there is no merit to plaintiff's contention that the cause of action did not accrue until September 24, 1937, when the contract made June 18, 1937, was ratified by the board. The complaint itself alleges that the challenged agreement transferring the properties was made June 18, 1937. In addition to this averment, conclusive on plaintiff, the complaint alleges that everything done was pursuant to a claimed conspiracy entered into before June, 1937, by all defendants.

On defendants' appeal, we find, on all the facts disclosed, that the third cause of action against the Texas Company should have been dismissed. Not the prayer for relief but the gravamen of the cause of action itself determines the Statute of Limitations applicable. The gravamen of the third count is waste or a claim to recover corporate losses to which subdivision 7 of section 49 of the Civil Practice Act should apply. The complaint expressly alleges that the claimed wrongful transfer was a waste of Indian's assets. There is no allegation that the Texas Company made any gains in excess of correlated losses to Indian; but it is alleged that the royalties received by the Texas Company were the very royalties Indian lost. In *Dunlop's Sons, Inc.*, v. *Spurr* (285 N. Y. 333) the Court of Appeals, affirming dismissal of a complaint in a stockholder's action on the ground that the claim was barred by the Statute of Limitations applicable to losses, said: " *Potter* v. *Walker* (276 N. Y. 15) did not decide that the ten-year Statute of

Limitations (Civ. Prac. Act, § 53) is necessarily applicable to all cases in which corporate directors have profited in any degree through a breach of their fiduciary duties. In such a case an action for an accounting may be brought only for the recovery of gains received by the directors beyond the amount of losses caused to the corporation by their wrong. Where, as in the present case, the gains received by the directors do not exceed the correlated losses suffered by the corporation, no accounting is necessary and the Statute of Limitations which controls the remedy at law is to be applied. (See *Goldstein* v. *Tri-Continental Corp.*, 282 N. Y. 21.) " (See, also, *Singer* v. *Carlisle*, 26 N. Y. Supp. [2d] 172 [not officially reported]; affd., 261 App. Div. 897; *Lifshutz* v. *Adams*, 260 id. 72; appeal on this point dismissed, 285 N. Y. 180.)

The third cause of action as pleaded, apart from the prayer, makes no reference to rescission, nor does it allege that the properties transferred were unique. That the action is in equity and that equitable relief is demanded in the prayer for relief do not make the ten-year statute necessarily applicable. Stockholders' derivative suits based upon alleged breach of fiduciary duties are deemed to be equitable in nature, but shorter Statutes of Limitations are frequently applicable. (*Potter* v. *Walker*, 276 N. Y. 15.)

In the present case the gravamen of plaintiff's cause of action is clearly one for injury to the corporate property of Indian. Assuming under the present circumstances that a court of equity would permit a rescission of the contracts involved at the instigation of the owners of .00002 per cent of Indian stock, this would not change the gravamen of plaintiff's claim, nor alter the period of limitation applicable. Under the circumstances rescission would be no more than a concurrent remedy if damages adequate to measure the corporation's loss might be recovered at law.

Frequently an accounting of the profits obtained by officers or directors is sought, but if the amount of such profits does not exceed the losses to the corporation, the legal remedy is held adequate, and the Statute of Limitations applicable to such legal remedies as the corporation might pursue is held controlling. (*Potter* v. *Walker, supra; Dunlop's Sons, Inc.*, v. *Spurr, supra.*)

The alleged gains by The Texas Company here are not only correlative with the losses suffered by Indian, but identical therewith. The amount of prospective royalties measures both the gain and the loss. Nor can the legal remedy of damages be said to be inadequate, or the period of limitation be extended because a rescission might be an exact restoration of the parties to their former status, whereas at law the damages would be merely

approximate. If this were so, legal damages could seldom be said to afford an adequate remedy. In many suits for breach of contract — particularly those involving loss of profits — some uncertainty as to the exact amount of damages exists. Reasonable certainty as to damages is all that is required. (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205, 209; *Steitz* v. *Gifford*, 280 id. 15, 20; *Central Trust Co.* v. *West India Improvement Co.*, 144 App. Div. 560, 565, 566.) In any event, if the legal remedy of damages is claimed to be inadequate, and for that reason the necessity of resorting to rescission is asserted, facts must be set forth showing the inadequacy of the legal remedy. No such facts are found in the present complaint.

As to the individual moving defendants, there are no allegations that they received any of Indian's assets or personally profited from the transaction. The complaint alleges that they were directors and officers of the various corporations and entered into a conspiracy with Texas and Texas Company to enable the latter to obtain assets of Indian. While it is alleged that the conspiracy had the additional purpose of enabling the " defendants or certain of them " to profit from the increased value of the Texas stock, it is not alleged as to the moving defendants that such purpose was fulfilled. The allegation that " certain " of thirty-two individual defendants expected an increase in stock value is not an allegation that any of the fourteen moving defendants had such purpose or owned any stock or received any increase, and is insufficient to charge such wrong. (*Gerdes* v. *Reynolds*, 281 N. Y. 180, 184.)

On its face, the complaint reveals that more than three years have elapsed since the wrong alleged in the third cause of action. Accordingly, when defendants pleaded the statute, its applicability was shown by the allegations of the complaint itself. In that state of facts, if the defense of the statute could be avoided, it was incumbent on plaintiff to show at least some facts in avoidance. Instead, plaintiff, an attorney at law, merely states that his " information " is that " many " of the individual defendants, including Olmsted and Wright, either were outside New York when the transactions occurred or were continuously absent from the State for various periods of time after they occurred. No grounds of this vague hearsay " information " are disclosed. An allegation that " many " of thirty-two individual defendants were outside New York is no allegation that *any* of the principal fourteen moving defendants were, and does not contradict the verified statement of the Texas Company's secretary who states that he is familiar with the facts and that all of the individual moving defendants (except Wright and Olmsted) were residents of New York and maintained

offices in the city of New York at which they were in regular attendance at all the times involved. Even if a defendant is a non-resident, if he has an office in this State for the transaction of business in person where he is in regular attendance, he is not absent from the State within the meaning of our decisions. (*Mack* v. *Mendels*, 249 N. Y. 356; *Kittredge* v. *Langley*, 252 id. 405, 414.)

Under section 61-a of the General Corporation Law (added by Laws of 1941, chap. 350) the corporation will be required to pay the expenses if defendants succeed at trial. In the present state of the record, neither these moving defendants nor the corporation should be put to the considerable expense of a trial to determine whether or not the statute is tolled. The public policy indicated in subdivision 6 of rule 107 of the Rules of Civil Practice is to end litigation before trial where the statute is a bar. If this plaintiff can defeat the motion by the vague allegation here made and, adducing no proof himself, cast all burden on defendants although the complaint on its face shows it is barred by an applicable Statute of Limitations, then any plaintiff can do likewise by similar allegations and compel trial in every case.

The order appealed from should be modified by granting the motion to dismiss the third cause of action as against Texas Company and all the individual moving defendants except Wright and Olmsted, and as so modified affirmed, with twenty dollars costs and disbursements to said defendants and to the defendant-respondent against the plaintiff.

GLENNON and DORE, JJ., concur; COHN, J., concurs in result.

Order, so far as appealed from, unanimously modified by granting the motion to dismiss the third cause of action as against Texas Company and all the individual moving defendants except Wright and Olmsted, and as so modified affirmed, with twenty dollars costs and disbursements to said defendants and to the defendant-respondent against the plaintiff.