P. H. LAMB et al., Plaintiffs, *v.* PIERRE S. DU PONT et al., Defendants.

Supreme Court, Special Term, New York County, May 17, 1943.

*Davis Polk Wardwell Sunderland & Kiendl* for defendants.
*Seymour M. Heilbron, Paul J. Kern* and *Hays, St. John, Abramson & Schulman* for plaintiffs.

BERNSTEIN, J. This is a motion by the defendant John J. Raskob, pursuant to rule 107 of the Rules of Civil Practice, to dismiss the complaint upon the ground that the cause of action purported to be alleged therein did not accrue within the time limited by law for the commencement of an action thereon.

The action is a derivative one in which the plaintiffs, as stockholders of General Motors Corporation, seek to have the individual defendants account to that corporation for a transaction which involved the exchange of 2,400 shares of Managers' Securities Company B stock for 243,392 shares of General Motors Corporation common stock, and which, upon a subsequent turnover, resulted in a loss to said corporation of 12,486 shares of such stock. The exchange transaction is alleged to have taken place on June 4, 1930, and the turnover loss occurred when Managers' Securities Company was reorganized, late in December, 1930. This loss of 12,486 shares, it is alleged in the complaint, constituted " a loss by General Motors Corporation on this transaction and represents an unjust enrichment of the defendants Raskob and du Pont to the same extent at the expense of General Motors Corporation and the stockholders thereof." It is apparent from the foregoing that if the transaction involved a wrong, that wrong occurred on June 4, 1930, when the exchange of stock was made. (*Roberts* v. *Ely*, 113 N. Y. 128, 133; *Schmidt* v. *Merchants Despatch Transp. Co.*, 270 N. Y. 287, 300; *Corash* v. *Texas Co.*, 264 App. Div. 292, 295.) The action as to the moving defendant was commenced on February 8, 1943.

A reading of the complaint, in the light of recent authorities, leads to the conclusion that the Statute of Limitations applicable to the cause of action alleged is the six-year statute relating to damages for an injury to property. (Civ. Prac. Act, § 48, subd. 3, prior to amendment of September 1, 1936). The gravamen of that cause of action is waste, or a claim to recover corporate losses. The complaint does not allege that the defendants made any gains in excess of correlated losses to the corporation. On the contrary, it alleges that the defendants were unjustly enriched to the same extent that the corporation was impoverished. In such a case no accounting is necessary, and the statute controlling the remedy at law must be applied. (*Corash* v. *Texas Co.*, 264 App. Div. 292, 295 supra; *Dunlop's Sons, Inc.* v. *Spurr*, 285 N. Y. 333.) The transaction described here merely resulted in the corporation's receiving less shares of its common stock in December than

it was induced to surrender in June. Hence, since the resultant damage can be measured by the difference in value, an action at law would suffice to afford adequate relief (*Hastings* v. *Byllesby & Co.*, 265 App. Div. 643, 648), and the six years' law statute would apply.

That conclusion is not affected by the circumstance that the plaintiffs' professed ignorance of the extent of the benefits accruing to the defendants and of the losses suffered by the corporation has impelled them to bring their action in the form of one for an accounting. That circumstance is not determinative of the question, for there are remedies provided for such a situation. The complaint here sets forth facts upon which a recovery might be had at law and, even if an equitable remedy coexisted, the action is under the control of the legal statutory bar. (*Rundle* v. *Allison*, 34 N. Y. 180; *Keyes* v. *Leopold*, 241 N. Y. 189, 192.)

The plaintiffs, in their opposing affidavits, originally took the position that their action was in equity and the ten-year statute applied (Civ. Prac. Act, § 53). Having realized that this period, if applicable, had expired by June 4, 1940, more than two years before the commencement of the action, they now contend, in their supplemental memorandum, that the six-year statute, referable to an action to procure a judgment on the ground of fraud, be applied (Civ. Prac. Act, § 48, subd. 5). Under that section the cause of action would, of course, be deemed not to have accrued until the discovery by the plaintiffs of the facts constituting the fraud.

The fallacy of that contention lies in the fact that while the complaint alleges that the transaction " was concealed from the stockholders and all but two of the directors of General Motors Corporation at the time ", the concealment is not of the essence of the claim but only incidental and collateral thereto. Where that appears, the claim of ignorance cannot serve to change the limitation imposed by the applicable statute. (*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259, 264; *Gobel, Inc.*, v. *Hammerslough*, 263 App. Div. 1, 2, affd. 288 N. Y. 653; *Lever* v. *Guaranty Trust Co.*, 262 App. Div. 1044, affd. 289 N. Y. 615; *Pollack* v. *Warner Bros. Pictures*, 266 App. Div. 118.)

Having reached the conclusion that the applicable limitation in the case is that provided for by the six-year law statute, the only other question requiring consideration is whether, under the facts disclosed, the running of the statute has been suspended during any part of that period.

It is claimed that the plaintiff Gillmor was an infant prior to March 29, 1938, and was not competent to bring suit upon the cause of action herein alleged prior to that date. That loses sight of the fact that he is only a nominal plaintiff in a derivative suit and that the real plaintiff, for the purposes of limitation of actions, is the corporation itself. If suit by the corporation is barred, suit by the stockholder is likewise barred. (*Wallace* v. *Lincoln Savings Bank*, 89 Tenn. 630, 648; *Potter* v. *Walker*, 276 N. Y. 15, 27.) Moreover, even if that plaintiff could be said to have brought the action in his own right, his time could not have been extended for more than one year after his disability had ceased (Civ. Prac. Act, § 60), or beyond March 29, 1939. (*Matter of McKee* v. *White*, 218 App. Div. 300, 302, affd. 244 N. Y. 610.)

It is further claimed that the statute was tolled by reason of the defendant Raskob's nonresidence. The test for tolling the statute, however, is not residence outside the jurisdiction, but absence therefrom. (Civ. Prac. Act, § 19; *Mack* v. *Mendels*, 249 N. Y. 356, 363.) The uncontradicted evidence submitted by that defendant on this application is that, while he has been a legal resident of Maryland, he has, ever since the accrual of the action in 1930, had an office in New York City, where he was in daily attendance on business; that his name was always posted on the alphabetic list of tenants of the buildings in which his offices were located, and his address and telephone number listed in the appropriate telephone directory; that he attended during that time no less than 125 meetings of the board of directors and of committees of General Motors Corporation of which he was a member at its offices here; and that he always maintained a substantial apartment in the city for himself and the members of his family. That evidence warrants a finding that he was available for service of process during that period, and that the running of the statute was not suspended as to him at any time within the last thirteen years.

As was said in *Corash* v. *Texas Co.* (264 App. Div. 292, 298, *supra*): " Under section 61-a of the General Corporation Law (added by Laws of 1941, chap. 350) the corporation will be required to pay the expenses if defendants succeed at trial. In the present state of the record, neither these moving defendants nor the corporation should be put to the considerable expense of a trial to determine whether or not the statute is tolled. The public policy indicated in subdivision 6 of rule 107 of the Rules of Civil Practice is to end litigation before trial where the statute is a bar."

Motion to dismiss is granted. Order signed.