Robert K. DREWS, individually and as a stockholder on behalf and for the benefit of Meat Import Co., Inc., and as a stockholder on behalf and for the benefit of Eastern Sausage and Provision Co., Inc., Plaintiff,

v.

EASTERN SAUSAGE & PROVISION CO., Inc., Progress Food Products, Inc., Dal, Inc., Meat Import Co., Inc., and Adolph S. Weinberger, Defendants.

United States District Court
S. D. New York.

Oct. 25, 1954.

**290**

Martin A. Fromer, New York City, Markewich, Rosenhaus & Markewich, Samuel Beck, New York City, of counsel, for plaintiff.

Goldberg & Hatterer, New York City, for defendants.

EDELSTEIN, District Judge.

The plaintiff Drews sues individually on four causes of action and as a stockholder in behalf of corporations on the remaining four causes of action in his amended complaint. The causes pleaded grow out of a rather involved set of facts pertaining to his individual and corporate interests, complicated by the fact that in the midst of the disputed transactions he returned to Poland, immediately prior to the German invasion, and remained there, an enemy alien for the duration. All the defendants except Dal, Inc., move for summary judgment and dismissal. (Motions to dismiss under Rules 23(b) and 17(a) of the Federal Rules of Civil Procedure, 28 U.S. C., are also pressed, but the motion for summary judgment tests identically the issues of fact of stock ownership thus raised and is therefore inclusive in its disposition.)

Germane to all the causes of action (the third, against the defendant Dal, Inc., which has not joined the moving defendants, not being in issue here) are the questions whether the plaintiff Drews was the beneficial owner of all of the stock of Meat Import Co., Inc., and whether he is the beneficial owner of 76% of the stock of Eastern Sausage and Provision Co., Inc. Without entering into a detailed recitation of the pleadings, affidavits and exhibits, I find

these questions to involve genuine issues of material fact. In order to decide them at the present stage of the proceedings, I should be compelled to make evaluations of credibility and appraisals of the evidence which would leave me far from possessing the slightest doubt about these material facts. Doehler Metal Furniture Co., Inc., v. U. S., 2 Cir., 149 F.2d 130. The issues raised, on the contrary, are of the kind that ought to be settled at a trial. The motion for summary judgment will be denied.

■ The serious problems raised by the motion to dismiss are whether the causes of action have been barred by limitations. The transactions out of which the first three individual causes of action grow have their origin in 1939, and it is safe to assume that those causes could not have arisen earlier. The plaintiff Drews, a German resident and national, was a non-resident enemy alien from the date of the United States' entry into the war until at least 1951. Under the Trading With the Enemy Act, 50 U.S.C.Appendix, § 1, et seq., 50 U.S.C.A. Appendix, § 1 et seq., the courts within the United States were closed to non-resident enemy aliens as parties plaintiff, during the period of the state of war. Ex parte Colonna, 314 U.S. 510, 62 S.Ct. 373, 86 L.Ed. 379. That period commenced with the declaration by Congress on Dec. 11, 1941, Joint Resolution Dec. 11, 1941, 50 U.S.C.Appendix, note preceding § 1, that a state of war existed between the United States and Germany, and ended October 25, 1951, when the President of the United States proclaimed the termination of that state of war. Proclamation No. 2950, 50 U.S. C.Appendix, p. xx. Section 2, Trading With the Enemy Act. This suit was filed on December 15, 1953. Therefore, more than fourteen years elapsed between the accrual of the causes of action and the filing of suit. But under § 27 of the New York Civil Practice Act, the statute of limitations is tolled while an enemy alien is disabled to sue. Consequently, subtracting the approximately ten years of disability from the fourteen to fifteen year lapse, the individual causes of action are not barred whether the ten or the six year period of limitations is applicable.

■ But the derivative causes of action stand on a different footing, vulnerable to the defense of limitations. It is commonly said that in a stockholders' suit the cause of action "belongs to the corporation", not to the stockholders individually or collectively, and that the instigator of the action on behalf of the corporation is a mere nominal plaintiff. Recovery is on behalf of the corporation, the shareholder can enforce only such claims as the corporation itself could enforce, and it follows that if an action by the corporation is barred, suit by the stockholder is barred. Carruthers v. Jack Waite Mining Co., 306 N.Y. 136, 116 N.E.2d 286; Potter v. Walker, 276 N.Y. 15, 11 N.E.2d 335; Turner v. American Metal Co., 268 App.Div. 239, 50 N.Y.S.2d 800; Cwerdinski v. Bent, 256 App.Div. 612, 11 N.Y.S.2d 208; Losie v. Ken-Vic, Inc., Sup., 43 N.Y.S.2d 914; Lamb v. Du Pont, 181 Misc. 657, 42 N.Y.S.2d 49. A more realistic view of the stockholders' derivative action would, perhaps, view the stockholder as a real party in interest rather than a mere nominal party. See Koessler, The Stockholders' Suit: A Comparative View, 46 Col.L.Rev. 238(1946); Gottfried v. Gottfried, Sup., 112 N.Y.S.2d 431, 438; Mencher v. Richards, 256 App.Div. 280, 9 N.Y.S.2d 990, concurring opinion of Davis, J. Nevertheless, his right remains secondary (see Rule 23(b), Federal Rules of Civil Procedure), not independent but dependent upon the existence of the corporate right. It must still follow, then, that if the corporate right is barred, the individual's right is barred, unless the wartime tolling statute for the benefit of enemy aliens alters that result.

■ True it is that § 27 of the Civil Practice Act speaks in terms of a "person * * * disabled to sue" and not in terms of the incidence of the cause of action affected by the disability. It is further true that the plaintiff here is a

person who was disabled to sue, and in a derivative action where his basic claim is ownership of all the stock of a corporation there was no one else to instigate the action before the running of the limitations period. Thus, the corporation would be deprived of a day in court and the plaintiff prejudiced in some rights unless he were permitted to prosecute the derivative action as one who had been disabled to sue. The obvious purpose of the tolling statute was to prevent the forfeiture of the rights of enemy aliens resulting merely from the lapse of time during which they were unable to protect them. But if the corporation and the individual plaintiff are to be completely protected in all rights, the tolling statute must be interpreted in such a way as to alter basic law and theory applicable to stockholders' suits, an interpretation that I am unwilling to accept. The result is no doubt harsh, but insofar as the wartime tolling legislation fails to dovetail nicely with the general body of corporate law in such a manner as to protect all rights, then to that extent must some rights be counted a casualty of war. Section 27 of the Civil Practice Act is unavailable to toll the running of the statute of limitations in the derivative actions.

██ Upon analysis of the record I find that two of the derivative causes of action are barred and two must await trial for a determination of whether they are barred. The fifth cause of action is derivative on behalf of Meat Import Co., Inc., alleging a conspiracy on the part of the defendants Weinberger and Dal, Inc. to convert the assets of Meat Import to their own use by transferring those assets to the defendant Eastern Sausage & Provision Co., Inc. and then contriving to strip plaintiff of his controlling stock interest in Eastern. In this context, it is obvious that the initial transfer of assets is alleged to have been wrongful, constituting the gravamen of the claim that Meat Import sustained damages. That transfer occurred on December 15, 1939, and thus, assuming the longest period of limitations, ten years, to be applicable, this cause of action was barred by the time of the commencement of suit on December 15, 1953. The seventh cause of action is derivative on behalf of Eastern Sausage & Provision Co., Inc. and is based upon a claim that Eastern was deprived of a corporate opportunity to purchase a building in New York City. The building was purchased by the defendant Progress Food Products, Inc., alleged to have been incorporated for that purpose, on April 14, 1943. Once again assuming the ten year period of limitations to be controlling, the cause of action is barred. And accordingly, the complaint must be dismissed as to Progress Food Products, Inc., which is involved only by way of this seventh cause of action.

██ The sixth cause of action is derivative on behalf of Meat Import, alleging that the defendant Weinberger, by virtue of his position as general manager, officer and director of Meat Import, caused the sum of $3,357.89 to be transferred from Meat Import to La Marquise Footwear, Inc., of which Weinberger was a stockholder, the money subsequently being converted by Weinberger to his personal use. It appears that the transfer to La Marquise occurred in 1940, and it is argued that the date of the diversion of the funds from La Marquise is unknown to plaintiff and cannot be pleaded, so that it cannot be determined from the face of the complaint when the statute of limitations commenced to run. If it were clear that the initial wrong claimed was the transfer to La Marquise, I would agree that the cause of action must be held to have accrued in 1940, when the transfer occurred. Weinberger's subsequent conversion would not create a new cause of action in the corporation, but could only change the form of relief required. A corporate cause of action accrues when the corporation first becomes enabled to maintain the action (except in a case of fraud). Hastings v. H. M. Byllesby & Co., 265 App.Div. 643, 40 N.Y.S.2d 299, affirmed 293 N.Y. 404, 57 N.E.2d 733; Turner v. American Metal Co., Ltd., Sup., 36 N.Y.S.

2d 356, 380, reversed on other grounds 268 App.Div. 239, 50 N.Y.S.2d 800. However, it is not perfectly clear to me whether the transfer to La Marquise is claimed to be wrongful, or whether it is the alleged subsequent conversion alone "in violation of [Weinberger's] fiduciary duty to Meat Import" which is claimed to be wrongful. Though the former seems thoroughly likely, I am unwilling at this time so to construe the pleadings, and therefore it is not now possible to decide whether the cause of action has been barred. The eighth cause of action, derivative on behalf of Eastern Sausage & Provision Co., Inc., alleges that the defendant Weinberger converted money and assets of the corporation to his own use and to the use of his family. The precise dates, being unknown to the plaintiff, are not pleaded. It does not appear at this time when the conversion occurred, if it did occur, and consequently the issue of whether the claim is barred by limitations must be reserved for trial.

The defendants have also moved that in the event that the derivative causes of action are not dismissed, plaintiff be required to furnish $15,000 security for costs, under § 61–b of the New York General Corporation Law, McKinney's Consol.Laws, c. 23. Inasmuch as two of the derivative causes of action have not been dismissed, attention must be directed to the alternative motion. It is obvious at a glance that this is not the type of stockholder situation contemplated by § 61–b, which requires that in addition to being a stockholder, the plaintiff must have a substantial interest, either 5% of any class of stock or $50,000, failing which the posting of security may be required. Here the issues are whether the plaintiff has any stock interest at all in two corporations. If it is determined, in the individual causes of action, that he has not, the derivative actions will fall immediately. If it is determined that he has a stock interest, that interest will be 100% in one corporation and 76% in the other. If plaintiff is qualified to pursue the de-rivative actions at all, he is entitled to do so without posting security, and that issue will be determined at trial. The motion will be denied.

Settle an order in accordance with this opinion.