Fuld, J. (dissenting).
The petitioners, complaining of an illegal and disproportionate distribution of corporate assets made by directors to themselves and others, seek an accounting in order to fix the liability of the directors responsible for the asserted diversion. Although the proceeding is brought under section 106 of the Stock Corporation Law, that provision does no more than provide that, upon the petition of a stockholder (or creditor), the Supreme Court may order an accounting by the directors. The fact, remarked by the court (opinion, p. 147), that “ no time limitation ” for seeking an accounting is specified, indicates not the absence of any statutory time bar, but rather ¡that the applicable Statute of Limitations of the Civil Practice Act is to control.
In my view, and it is well expressed by the Appellate Division dissenting Justices, the action brought is controlled by the six-year Statute of Limitations prescribed by subdivision 8 of section 48 of the Civil Practice Act. That the subject corpora *152 tion is dissolved does not mean that the action is not brought, within the meaning of-subdivision 8, “by or on behalf of [the] corporation (See Stock Corporation Law, § 105, subd. 8; General Corporation Law, § 29.) Nor does the fact of dissolution alter or change the status or responsibility of the directors who handled the liquidation and allegedly effected the illegal diversion. Subdivision 8 of section 48 refers to an action against a “ director ” without regard to whether the corporation is or is not functioning.
While I agree that directors of a corporation, whether functioning or dissolved, are fiduciaries and are duty bound to safeguard, administer and properly apply the corporate assets, they cannot as liquidators of a dissolved corporation be regarded as trustees of an express trust so as to render applicable the ten-year Statute of Limitations or import into the case the doctrine, relied upon in the concurring opinion, that no time limitation begins to run “ until repudiation of the trust ”. (Cf., e.g., Gilmore v. Ham, 142 N. Y. 1, 9-10.) After a corporation is dissolved, its net assets are distributable to the stockholders pro rata subject to any existing preferences, and any breach of duty committed in distributing the assets renders the directors liable to an accounting. Misdirection of the assets to others is subject to subdivision 7 of section 49 of the Civil Practice Act — with' its three-year Statute of Limitations—while wrongful retention of assets by a director is subject to subdivision 8 of section 48, or, if the plaintiffs do not sue on behalf of the corporation, to subdivision 1 of section 48—with its six-year statute.
The cases are at one in holding that a period of limitations — six years, for instance—may not be extended or enlarged by casting the claim in some other form, by electing to proceed in equity, for example, when an action at law has already been barred. (See, e.g., Cohen v. Hughes, 291 N. Y. 698; Cwerdinski v. Bent, 281 N. Y. 782, affg. 256 App. Div. 612; Brick v. CohnHall-Marx Co., 276 N. Y. 259, 264; Hanover Fire Ins. Co. v. Morse Dry Dock & Repair Co., 270 N. Y. 86, 89-90; Hifler v. Calmac Oil & Gas Corp., 258 App. Div. 78, 89; Corash v. Texas Co., 264 App. Div. 292, 296.) In other words, if there be concurrent remedies, the resort to one rather than the other will not enlarge the shorter period prescribed by the applicable Statute of Limitations. Consequently, the fact, noted in the court’s *153 opinion (p. 147), that an accounting proceeding, brought pursuant to section 106, is an “ equitable proceeding ” cannot assist the plaintiffs. Subdivision 8 of section 48 covers actions at law as we'll as in equity, but, even were this not so, where, as here, there was available a concurrent legal remedy to redress an illegal diversion of corporate assets, namely, a suit by the stockholder for his prorata share, the statute may not be extended by the device of seeking an accounting, that is, by switching the form of relief or attaching to it a different label.
The circumstance that the corporation has been dissolved and that the illegal diversion occurred in the course of liquidating the corporation should make no difference in view of the fact that its existence continued after dissolution for the purpose, among others, of “ collecting and distributing its assets ” (Stock Corporation Law, § 105, subd. 8; also, General Corporation Law, §29). Whether or not it is more difficult for stockholders or creditors of a dissolved corporation to ascertain the state of affairs of such corporation—and I do not believe that it is (see Stock Corporation Law, § 10, as well as common-law rights of inspection) —is beside the point since ignorance of facts giving rise to a cause of action does not, absent a charge of fraud, serve to extend the operation of the Statute of Limitations. (See Chance v. Guaranty Trust Co., 282 N, Y. 656.)'
I would reverse the order of the Appellate Division and dismiss the petitions.
Judges Dye and Froessel concur with Judge Burke ; Chief Judge Desmond concurs in a separate opinion in which Judge Dye concurs; Judge Fuld dissents in an opinion in which Judges Van Voorhis and Foster concur.
Order affirmed, etc.